RICHARD H. HANKERSON, plaintiff in error, *vs.* THE SOUTH-WESTERN RAILROAD COMPANY, defendant in error.

Where the law presumes negligence from some of the facts proved, and where there is scope for legitimate reasoning by the jury, as to whether the presumption is, or is not, rebutted by other facts in the plaintiff's evidence, a non-suit should not be awarded.

Railroads. Non-suit. Negligence. Before Judge CLARK. Macon Superior Court. May Term, 1877.

Reported in the opinion.

W. A. HAWKINS; W. H. REESE, for plaintiff in error.

R. F. LYON; W. S. WALLACE, for defendent.

BLECKLEY, Judge.

The action was for a personal injury. There was no dispute that the plaintiff, while lying upon the defendant's track, was run over by a train of cars, and that from hurts inflicted thereby he sustained some damage. The question was upon the negligence of the parties, respectively. Upon that, the evidence was substantially as follows: The plaintiff had drank some whisky, and was traveling the public road on foot. At a point where the public road and the railroad crossed each other, he was taken with a swimming in the head, became insensible, and knew nothing more until after he had been carried on the train to a neighboring station. The train consisted of an engine and five cars. It was running on schedule time and at the speed of twenty miles per hour when it reached the "blow post," four hundred yards from the crossing. Just as the engineer commenced to blow at the post, the fireman discovered something on the track a little beyond the crossing. He supposed it to be a hog killed by another train, and so stated to the engineer. When within one hundred and twenty-five, or one hundred and fifty yards of the crossing, it be-

came apparent that the object was a man; the engineer blew on the brakes and reversed the engine; the brakes were applied, and all was done that could be done to stop, but the train passed over the man, who proved to be the plaintiff. He was not lying upon the crossing, but beyond it, and between the rails. The brakes were not put on at the "blow post." If they had been, the train could have been stopped before reaching the crossing. The fireman could not tell whether the speed of the train was checked when the whistle was blown at the post or not. It is possible to check by shutting off steam, without applying the brakes. It was not customary to blow on brakes when approaching a crossing, if nothing was on the track or near the crossing. Trains were not taken up to avoid running over hogs that had been killed by a previous train and left on the track. A witness whose position was in the public road, about four hundred yards from the crossing, heard the blowing, and, to the best of his recollection, there was none at the "blow post." As near as he could guess, it commenced when the train was about one hundred or one hundred and twenty-five yards from the crossing. The court granted a nonsuit.

The testimony came from three witnesses—the plaintiff, the fireman, and the person who heard the blowing from his position in the public road. The engineer was not examined. It must be matter of reasoning, therefore, as to when he became aware, or might, by proper diligence, have become aware that the object upon the track was a man. The true condition of the plaintiff was, also matter of reasoning, from all the facts and circumstances. It is not a necessary inference from the evidence that he was drunk, or that his powers failed from the use of whisky, and not from a sudden access of disease. Such an inference might be drawn by a jury, or it might not. One great fact is manifest—that is, that the law was violated in not checking "and keep checking" the speed of the locomotive, from the post to the crossing. Code, section 708. As the plaintiff had wandered out of the public road, and was not

upon the crossing when injured, it may be that this violation of law by the engineer, if there was no other negligence on the part of the company, would not entitle him to recover. This question does not necessarily arise, so long as the general presumption of negligence which' the law raises in all cases of injury by railroads (Code, §3033,) is not rebutted. That it is rebutted by the evidence in this case, is not sufficiently clear for a court to pronounce without the aid of a jury. So in regard to the question of the plaintiff's negligence, the evidence is not so absolutely decisive as legally to supersede the functions of a jury. There is at least a margin for inquiry as to whether his negligence was such as, under section 2972d of the Code, to bar all recovery, or such only as to mitigate the damages.

As to when a non-suit is or is not proper, see 5 *Ga.*, 171; 7 *Ib.*, 465; 12 *Ib.*, 45, 424; 15 *Ib.*, 491; 16 *Ib.*, 154; 17 *Ib.*, 601; 18 *Ib.*, 401; 56 *Ib.*, 275; 8 *Ib.*, 292; 11 *Ib.*, 283; 12 *Ib.*, 105; 17 *Ib.*, 574; 20 *Ib.*, 480.

Cited by counsel: 35 N. Y., 9; Thomp. on Highways, 306; Code, §§708, 711, 2066, 3033; 24 *Ga.*, 75; 42 *Ib.*, 332; 53 *Ib.*, 16; 38 *Ib.*, 409.

Judgment reversed.