## The Southwestern Railroad vs. Hankerson.

When this case was first before the Supreme Court (59 *Ga.*, 593), it was held to be a question for the jury to decide, whether plaintiff was drunk and his powers failed from that cause, or from a sudden access of disease. When here a second time (61 *Ga.*, 114), it was held that, if he voluntarily became drunk and fell or lay down in a state of insensibility on a railroad track, so that he was injured by a passing train, he could not recover for injuries so received, even though there may have been negligence on the part of the railroad company. On the last trial, the question whether the plaintiff was voluntarily drunk, and in that condition placed himself on defendant's road, or whether he had a sudden access of disease, by reason of which he fell upon the railroad, and was injured by the negligence of the defendant's agents in running its trains, was fairly submitted to the jury, and there is no exception to the charge. There was sufficient evidence to carry the case to the jury and to uphold their finding.
Judgment affirmed.

October 2, 1883.

Blandford, Justice.

[This case has been to the Supreme Court twice before, and will be found reported in 59 *Ga.*, 593, and 61 *Id.*, 114. On the argument this time, no question was made as to the accident, but it was insisted that plaintiff had become voluntarily drunk and had placed himself on the track, and was not, therefore, entitled to recover. Plaintiff admitted that he had drunk some whiskey, but denied being drunk; said he was subject to attacks of vertigo, and that such a sudden access of disease caused him to fall upon the track. The witnesses for the defence considered him drunk. The jury found in his favor $550.00.]