## MAY vs. THE CENTRAL RAILROAD & BANKING CO.

1. The bill of exceptions, stating that a brief of evidence is thereto annexed, marked exhibit A, and a brief so marked being annexed, consisting of six pages numbered consecutively, each page verified by the signature of the judge in the margin, and the whole being further verified at the bottom of the last page by his certificate, declaring that " the above and foregoing pages, numbered in margin 1, 2, 3, 4, 5 and 6, and identified by my official signature on each, contain the testimony introduced on the trial of the above stated case:"

*Held*, that an appendix, consisting of six more pages and a partial page, following these and fastened to them with metallic fastenings, so as to unite the bill of exceptions, the verified pages and this appendix into one document, will not be considered as any part of exhibit A, or as any part of the authenticated evidence , the said appendix not being verified by the judge in any manner whatsoever.

2. The action being for the negligent killing of the plaintiff's husband by running a locomotive against him and throwing him from the track, whilst he was passing over or along a trestle forming part of defendant's railway, and the evidence for the plaintiff bearing upon the question of negligence being, that as soon as the train, which was a fast mail, rounded a curve so as to command a view of the trestle, which was somewhat less than one-fourth of a mile distant, the whistle was blown and the air-brakes applied, but it was impossible to stop the train in so short a distance; that from the curve to the trestle and for two or three hundred yards, beyond the track was straight; that upon a straight track a man can be seen at a long distance, but not so as to tell whether he is on the trestle or another part of the track, though at a short distance this is easy to distinguish; that the trestle was eight or ten feet high, a clear stream eight or ten feet wide and four or five feet deep beneath it, and where no water a sand-bed, soft sand, a safe place to jump, but in some parts overgrown with briars, and some cane coming up through the sand; that for people to cross this trestle was an every day practice, but not when trains were coming; that the deceased was acquainted with the neighborhood, in the habit of being at a village near the trestle, and probably knew the railroad schedule; that the train was behind time, one witness said very little, another that it might have been an hour or half an hour; that the speed was at the rate of forty miles, when the schedule rate was thirty-five miles per hour; and that the deceased was a young and healthy laboring man:

*Held*, that there was no error in granting a nonsuit. Any fair and

reasonable construction of the evidence makes it more clear that the deceased was grossly negligent, than that the defendant was negligent at all. It would be impossible for the jury rightly to infer both that there was negligence by the defendant, and that deceased could not have avoided the consequences thereof to himself by the exercise of ordinary diligence, and hence any recovery by the plaintiff is not within the range of legal possibility.

Judgment affirmed.

November 4, 1887.

BLECKLEY, Chief Justice.