82 . 667
102  290

WILDS *vs.* THE BRUNSWICK AND WESTERN RAILROAD CO.

One knowingly and needlessly walking at night upon a railroad track, can, by the use of ordinary diligence, avoid being run over by a train, unless it appears that owing to some special fact or circumstance, the use of such diligence would prove ineffectual.

March 22, 1889.

Railroads. Negligence. New trial. Before Judge ATKINSON. Ware superior court. April term, 1888.

The plaintiff sued the Brunswick and Western Railroad Co. for the homicide of her husband. The material evidence tended to show as follows: Plaintiff's husband, twenty-nine years of age, in company with two others, had taken two drinks of whiskey and a supper of beans and greens. After supper, the three went together to where the jug of whiskey had been deposited and took another drink of whiskey around, sat down on the crossing of the railroad and public road, talked awhile and parted; one of them went back to his house, another stepped aside, and plaintiff's husband walked on down the track; the train of defendant came along at a considerable rate of speed, which does not seem to have been checked before it struck the husband of plaintiff, and killed him. He was, when struck, more than 400 yards from the crossing from which he started and about half to three-quarters of a mile from the next public crossing below. There was a private crossing about forty yards from where he was struck, and near it was an old blow-post lying on the ground with the initial "W" on it, and near where it was lying was an old stump which had the appearance of being the stump of a blow-post. When plaintiff's husband separated from his compan-

ions, he took the jug of whiskey with him, and but a short time elapsed before he was struck by the train. At the point where he was struck, there were indications that he had leaned over towards the middle of the track and vomited. It was a very dark night, and the track at the point in question was level, or nearly level, and straight for some distance. There was evidence that no signals were given in approaching the crossing, and the only evidence to the contrary on this point was that of the conductor of the train, who said that he could not remember positively whether the whistle was blown or not, but thought so because it was the invariable rule to blow at all the public road crossings. One of the companions who was standing near the track when the train passed, testified that he saw lights on the train, but was uncertain whether one was a headlight; thought it was other lights on the train that he saw. The same witness testified that the deceased had good hearing and sight, but would sometimes get in a study and not notice anything. The conductor testified that the headlight was burning a short time before and a short time after the killing, though he could not swear positively that it was burning at the point of killing; he also swore that deceased's companion could not have stood where he had testified he did stand when the train passed, and looking toward the approaching train, have seen any other light on it except the headlight.

After verdict for the plaintiff, a new trial was granted, and she excepted.

J. S. WILLIAMS, S. W. HITCH, LEON A. WILSON and E. H. MYERS, by brief, for plaintiff.

GOODYEAR & KAY, by brief, for defendant.

BLECKLEY, Chief Justice.

Mrs. Wilds obtained a verdict for $2,500 against the company for killing her husband. The court granted a new trial. We think this was proper. The homicide occurred at night, several hundred yards from any public crossing; and the only reason why there was any such unfortunate calamity was, that the company and the deceased were both attempting to use the track at the same time. The company had a right to its use; the deceased had none. There is no explanation whatever as to why he did not avoid the consequences of the company's negligence. That he could have done so by exercising the care of a prudent person is manifest. Would a prudent person have remained upon the track at night without any business upon it, until stricken and killed by an approaching train? We think not, and doubtless the court below so thought. From the facts set out in the official report, it will be seen that this killing cannot be accounted for except upon the theory that the plaintiff's husband was grossly negligent. Had he been in the use of ordinary care, it seems impossible that he could have been in the way of the train at such an hour and in such a place. *Central Railroad vs. Smith,* 78 *Ga.* 694.

Judgment affirmed.