White *v.* The Central Railroad and Banking Co.

83   595
92    93
83   595
95   362

In a suit against a railroad company for the homicide of one walking on its track in front of a passenger-train, if it appear from the plaintiff's evidence that the person killed did not exercise ordinary diligence to avoid the consequences of the company's negligence, and that he could have avoided them by such diligence, a nonsuit is proper.

(*a*) The use of the track by pedestrians with the company's knowledge, does not bind it to the exercise of extraordinary care and diligence to protect them.   If such use amounts to a license, it must be on condition that the pedestrian shall exercise ordinary care and diligence to avoid injury.

November 4, 1889.

Railroads.  Negligence.  Nonsuit.  Custom.  License. Before Judge Van Epps.   City court of Atlanta.   June term, 1889.

Reported in the decision.

Bigby & Dorsey, E. H. Frazer and T. P. Westmoreland, for plaintiff.

Jackson & Jackson, for defendant.

Simmons, Justice.

Rachel White sued the railroad company for damages for the homicide of her husband, James J. White, who on October 2d, 1884, while walking along its track, was killed by a passenger-train.   The evidence showed, in brief, that the train was ten or fifteen minutes behind its schedule time; that it had passed beyond the corporate limits of Atlanta and of West End, and was running at the rate of 25 to 30 miles an hour; that White was walking upon the railroad track going in the same direction the train was going; that there was a public road alongside the track on which White could have walked; that the engineer could have seen him some 400 yards; that the danger signal was given, exactly at what time before the killing does not appear; that there were two colored girls on the track also, be-

tween the engine and White, who heard the train and left the track, and hollered at White that the train was coming; but he failed to leave the track, and was run over and killed. Under this state of facts, the trial judge granted a nonsuit in the case; to which the plaintiff excepted.

The code, §2972, declares that " if the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover. Section 3034 declares that " no person shall recover damages from a railroad company for injury to himself or his property when the same is done by his consent, or is caused by his own negligence." It is quite apparent to us, and doubtless would have been to the jury if the case had been submitted to them, that White could have avoided this injury to himself by the exercise of ordinary care, and that it was gross negligence on his part to walk along this track as he did, giving no heed to the signals given by the train, or warning given him by the girls. Nor is this view of the law changed by the fact that it had been the custom for White and other people to walk along this track, or by the fact that the train was behind the schedule time. It does not follow from the fact that people use the track in this way, which use is known to and thereby licensed by the company, that the company is bound to the exercise of extraordinary care and diligence to protect persons thus using the same. If the use of the track by pedestrians with the knowledge of the company, amounts to a license at all, it must be on the condition that persons so using the same shall exercise ordinary diligence themselves, so as to avoid being injured by the company's trains. In all such cases as this, if it appears from the evidence submitted by the plaintiff, that the person injured did not exercise ordinary diligence to avoid the consequences

of the company's negligence, and that he could have avoided it by the exercise of such diligence, the plaintiff is not entitled to recover, and a nonsuit is proper. As we said in the case of *May* v. *Central Railroad*, 80 *Ga.* 363, " any fair and reasonable construction of the evidence makes it more clear that the deceased was grossly negligent, than that the defendant was negligent at all. It would be impossible for the jury rightly to infer both that there was negligence by the defendant, and that deceased could not have avoided the consequences thereof to himself by the exercise of ordinary diligence, and hence any recovery by the plaintiff is not within the range of legal possibility." See *Smith* v. *Central Railroad*, 78 *Ga.* 694; also same case, 82 *Ga.* 801; *Western & Atlantic Railroad* v. *Bloomingdale*, 74 *Ga.* 604; *Central Railroad* v. *Raiford*, 82 *Ga.* 400; 2 Thomp. Trials, §1803–5.                    *Judgment affirmed.*