The Atlanta and West Point Railroad Co. *v.* Loftin.

The action being against the railroad company for injuries to the plaintiff, who was struck by the train when crossing the track, if it clearly appears from the plaintiff's evidence that he could have avoided the injuries by the use of ordinary care, a new trial should be granted after verdict in his favor, whether the railroad company was negligent or not.

October 13, 1890.

Railroads. Negligence. Before Judge Van Epps. City court of Atlanta. June term, 1890.

Reported in the decision.

Calhoun, King & Spalding and J. T. Pendleton, for plaintiff in error.

Bigby & Berry, *contra.*

SIMMONS, Justice.

Loftin sued the railroad company and recovered a verdict of $1,000, for personal injuries which he alleged he had sustained by reason of the defendant's negligence. A motion for a new trial was made by the defendant and was overruled by the court. On the trial of the case the plaintiff testified, in substance, as follows: Upon returning from a visit to a neighbor, he had to cross the railroad track, about 2:30 o'clock in the afternoon. He thought the train had gone by. The wind blew pretty briskly. When he got pretty close, he looked up and down the road and saw no train and heard none blow. When he got almost across, he looked and the train was right upon him. In trying to escape he fell. It did not knock him clear off. It carried him around in a gully. When he first saw the train he just put his foot nearly in the track. He was nearly across the track when he first saw the train. The place at which he was hurt was about twenty yards inside of the limits of the city of Grantville, and a blow-post was about 111 yards above the place where he was hurt, and it was 287 yards from the crossing to where he was hurt. There was a foot-path about a foot wide that crossed the place where he was hurt. When he came to the track he thought the train was behind the regular time, but he looked up and down the track and could see about 400 yards up the track. He looked for the train just before he went to cross. He was about one step from the track when he looked. He could see 400 yards up the track, and there was no train. He stepped on the cross-ties, and then in no time got his foot middle-way. He was standing one step from the track, and there was no train in 400 yards, and he tried to cross and got nearly to the outside rail when the train struck him. When he started across he did not see any train in 400 yards. Four steps would have

carried him over to the far rail on the other side. The train struck him while he was making the third step. He said he looked the first time and there was no train. When he went to cross he heard a sort of lumbering. He looked and saw the train, and it was right upon him. The train was not more than ten steps from him when he made the third step. It would have had to run about 290 yards between the time he made the first step and the time he made the third.—The railroad proved by two witnesses that the plaintiff said, shortly after he was hurt, that he saw the train before it struck him, and that he thought he could "make it across the road before it struck him." There was conflicting evidence as to whether the whistle on the engine was blown at the blow-post 111 yards above where the plaintiff was struck.

Leaving out of consideration the question as to whether the railroad was negligent or not, we think the trial judge erred in refusing to grant a new trial. We think it clearly appears from this evidence that if the plaintiff in the court below had exercised any sort of diligence, he could have avoided the injury. It was broad open daylight, and a train could have been seen 400 yards from the place where the plaintiff was hurt. He was not upon a public crossing. He testified that he looked and listened and saw no train, and yet, according to his testimony, by the time he took three steps across the track he was struck by the engine. It could not possibly have taken him more than six seconds to have made the three steps, yet according to his testimony the train must have come in sight and run 290 yards in that time. It seems to us that if the train had been near enough to strike him by the time he could make three steps, he could have seen it in time to have avoided the injury, if he had exercised any diligence at all. Our code, §2972, provides that if the

plaintiff could by ordinary care have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover. The plaintiff's own testimony having shown that he could have avoided the injury by the exercise of ordinary care, and it being the only evidence introduced in his behalf as to the manner in which he was injured, we think the court below ought to have granted a new trial.

Moreover, the account he gave of the manner of his injury was so improbable that it was not worthy of any credit. To say that the train ran 400 yards and struck him before he could take four steps across the track, and knocked him off without breaking any bones or lacerating his skin, and that too while he was standing in the middle of the track, is too improbable to believe. We are inclined to think that the account he gave shortly after he was hurt is the true one,—that is, that he saw the train, but thought he could cross before it struck him.           *Judgment reversed.*