THE WESTERN UNION TELEGRAPH COMPANY *v.* MANSFIELD.

Where a message was delivered to a telegraph company for transmission, which received and transmitted it promptly, the charges being prepaid by the sender, and the sendee applied for the message at the office to which it was transmitted three hours after such

transmission and the company failed to deliver it, he is, in an action for the statutory penalty, entitled to recover, although he did not reside within the city at which the message was received nor within a mile of the telegraph office. For not delivering in the company's office, the non-residence of the sendee is no excuse.
November 6, 1893.

Action for penalty. Before Juge VAN EPPS. City court of Atlanta. March term, 1893.

Mansfield's declaration alleged: About seven o'clock P. M., March 12, 1892, he filed a message with the tele-graph company in Atlanta, to be transmitted to Social Circle, one of its agencies, addressed to Parkhurst, and with the message filed a written request that Parkhurst answer, and that defendant keep the answer so directed to plaintiff at its general delivery office in Atlanta until he should call for it. Parkhurst filed at the Social Circle office, before eight o'clock P. M., March 12, 1892, and during the usual business hours of defendant, a message addressed to plaintiff at room 22 Gate City Bank, and, after payment in advance at the Social Circle office of the usual charge, defendant received the mes-sage for transmission and delivery, and it was transmit-ted to defendant's office in Atlanta about eight o'clock of the same evening. Plaintiff called at the general delivery office of defendant in Atlanta at eleven o'clock that evening, and asked of the officer in charge delivery of the message, but he refused to deliver it and continued to do so until late in the afternoon of the next day.

Defendant demurred on the ground that the declara-tion did not allege that the sendee resided in Atlanta or within one mile of the telegraph office there. The demurrer was overruled.

The evidence showed, that Parkhurst delivered the message declared on to defendant's agent at Social Cir-cle before eight o'clock P. M., March 12, 1892, prepaying the charges, sending it in reply to one he had just re-ceived from plaintiff. The message was transmitted

from Social Circle to Atlanta immediately after it was received. Plaintiff resides in Social Circle, and on March 12th was in Atlanta, and sent the message to Parkhurst late in the afternoon of that day. He went to defendant's office in Atlanta to get Parkhurst's answer at eleven o'clock P. M., and the night clerk said there was none. He then asked the night clerk to call up Social Circle, and the night clerk sent him to the chief operator, who tried to call up Social Circle, but said he could get no response, and also said there was no message there for plaintiff. Plaintiff went there only one time and remained only one hour. He received the message after one o'clock on the next day, and the clerk then told him that he did not know why the message was not delivered sooner, for it had been there for some time.

Defendant moved for a nonsuit, on the ground that the case made by the declaration was not supported by the proof, and no case at all was made upon which plaintiff could recover. This motion was overruled.

The court charged the jury, that even if the plaintiff had failed to apply for the message at room 22 Gate City Bank, and even if the telegraph company had attempted to make delivery of it and failed because of the absence of the plaintiff from that room, or from any other cause, this would not excuse the company for a failure to deliver this telegram with due diligence to plaintiff, if he applied for it at the company's office. This charge was assigned as error.

Bigby, Reed & Berry, for plaintiff in error.
Upshaw & Upshaw, contra.

Bleckley, Chief Justice.

. This case is not within the proviso to the second section of the penalty act of October 22d, 1887, but is within the first section of that act, the language of which is as follows : " That from and after the passage of this

act, that every electric telegraph company with a line of wires wholly or partly in this State, and engaged in telegraphing for the public, shall during the usual office hours receive dispatches, whether from other telegraphic lines or from individuals; and on payment or tender of the usual charge according to the regulations of such company, shall transmit and deliver the same with impartiality and good faith, and with due diligence, under penalty of one hundred dollars, which penalty may be recovered by suit in a justice or other court having jurisdiction thereof, by either the sender of the dispatch or the person to whom sent or directed, whichever may first sue; provided, that nothing herein shall be construed as impairing or in any way modifying the right of any person to recover damages for any such breach of contract or duty by any telegraph company, and said penalty and said damages may, if the party so elect, be recovered in the same suit." The non-residence of the sendee was no excuse for not delivering the message to him when he called for it in the company's office. There surely can be no doubt of the obligation of such companies to make prompt delivery in their offices, whatever justification there might be for delaying delivery elsewhere. We have already, in the case of *Western Union Telegraph Co.* v. *Timmons*, decided at this term (*ante*, 345), put a negative upon any construction of the act which would limit the penalty to messages addressed to residents of cities and towns, and to persons residing within one mile from the telegraph office. The trial court committed no error.    *Judgment affirmed.*