MARTIN *v.* THE GEORGIA RAILROAD & BANKING COMPANY.

It affirmatively appearing from the evidence that the defendant company was not, relatively to the plaintiff, guilty of any negligence, and also that the latter by the exercise of ordinary care might have avoided the injury he received, the court was right in granting a nonsuit.

February 5, 1895.

Action for damages. Before Judge CLARK. DeKalb superior court. August term, 1894.

W. W. BRASWELL and HULSEY & BATEMAN, for plaintiff.

JOSEPH B. & BRYAN CUMMING and CANDLER & THOMSON, for defendant.

SIMMONS, Chief Justice.

The plaintiff, while walking along the main track of the defendant's railroad, heard the noise of a train behind him, and stepped aside until the engine passed. No cars were attached to the engine, and he did not know that any were following it. When it passed he stepped back on the cross-ties, without looking in the direction from which the engine came, and two cars which had been cut loose from the engine and were following about a hundred feet or more behind it, ran upon him, inflicting the injury on account of which this action was brought. When the cars struck him they were running at a speed variously estimated at from eight to fifteen miles an hour; one or more employees were on the cars putting on or trying to put on the brakes, which

were midway of the two cars, and the speed was gradually decreasing. The cars ran about as far as the public crossing, about a hundred yards beyond the point at which the plaintiff was injured.

It is clear from this evidence that the defendant was not, relatively to the plaintiff, guilty of any negligence. The evidence shows that it was impossible, after the plaintiff stepped back upon the track, to stop the cars in time to avoid striking him; and the failure to comply with the statutory requirements as to giving signals, etc., while approaching the public crossing, was not negligence as to him, inasmuch as these requirements raise no duty as between the railroad company and strangers who may be upon the track elsewhere than at a public crossing. *Atlanta & Charlotte Air-Line Ry. Co.* v. *Gravitt*, 93 *Ga.* 369, 20 S. E. Rep. 550. It is also clear that the plaintiff failed to exercise ordinary care for his own safety, and that by the exercise of such care he could have avoided the injury. He knew that this train, which was engaged in hauling rock from a neighboring quarry at which he was employed, passed frequently at that point, and that other trains might pass at any moment. Ordinary care required, when he undertook to walk along the track, that he should look behind to see if a train was approaching; and his failure to do so is not excused by the fact that an engine had already passed him. The court below, therefore, did not err in granting a nonsuit. See *White* v. *Central Railroad Co.*, 83 *Ga.* 595, and cases cited; *Smith* v. *Central Railroad Co.*, 82 *Ga.* 801.

*Judgment affirmed.*