### HALL v. WESTERN AND ATLANTIC RAILROAD CO.

$\overline{\overline{123}}$   213|<br>,124   1035|

The only duty which a railroad company owes to a trespasser on its right of way is to observe ordinary diligence to avoid injuring him after his presence thereon becomes known to the employees in charge of the train. Consequently, in a suit by a widow for the homicide of her husband, where it appeared, from the undisputed evidence, that the deceased was a trespasser; that he went upon the railroad track in an intoxicated condition; that shortly thereafter his dead body was found near the track, wounded

in such a. manner as to indicate that he had been struck by a passing train while lying down on or near the track ; and that the employees of the defendant in charge of the train which was supposed to have struck him never at any time saw him on the track or right of way, and did not learn until a considerable time afterwards that he had been killed, it was not error to direct a verdict for the defendant.

Argued April 15, — Decided June 14, 1905.

Action for damages.    Before Judge Fite.    Whitfield superior court.    October 14, 1904.

*W. C. Martin* and *Cantrell & Ramsaur*, for plaintiff.
*Payne & Tye* and *R. J. & J. McCamy*, for defendant.

CANDLER, J.    There is no dispute as to the material facts brought out by the evidence.    The plaintiff's husband, for whose homicide she sued, went upon the right of way of the defendant company in an intoxicated condition, and proceeded to walk along the track.    This was between two and three o'clock in the afternoon.    His condition was such as to attract the attention of persons who saw him from a distance.    Some time afterwards his lifeless body was found by the side of the track.    The skull was crushed, but there were no wounds on the body.    There were no eye-witnesses to the occurrence, but apparently the unfortunate man had lain down on the side of the track and gone to sleep, when he was struck in the head by the pilot, or some other part of a passing engine, and killed.    The place where the body was found was not at or near a public crossing.    The track at that point was straight for a distance of from a quarter to a half mile in the direction from which the train approached that is supposed to have struck the deceased.    The engineer and the fireman of that train testified that they knew nothing whatever of the occurrence until that night or the following morning, when they were informed of it by others.    When they passed the place where the deceased was afterwards found, each was attending to his customary duties on the engine.    It was the duty of the engineer to keep a lookout ahead all the time, and it was also the fireman's duty to look ahead when he was not firing the engine.    The fireman could not say whether he was firing the engine at this point or not; but both he and the engineer were positive that a lookout was kept all the time by one or both, and that neither of them saw the deceased on or near the track.    At

the conclusion of the evidence the judge directed a verdict for the defendant, and the plaintiff excepts.

We find no error in the direction of a verdict for the defendant. It is well settled that the only duty that a railroad company owes to a trespasser on its right of way is to observe ordinary care to avoid injuring him after his presence has become known to the employees of the train. *Atlanta R. Co.* v. *Leach*, 91 *Ga.* 419; *Atlanta R. Co.* v. *Gravitt*, 93 *Ga.* 369; *Hambright* v. *Western & Atlantic R. Co.*, 112 *Ga.* 36. In one important respect this case differs from that of *Parish* v. *Western & Atlantic R. Co.*, 102 *Ga.* 285, in which Mr. Presiding Justice Lumpkin and Mr. Justice Atkinson dissented from the majority opinion. In the *Parish* case a nonsuit was granted, and it was the opinion of the dissenting Justices that in the absence of any evidence as to the facts surrounding the death of the deceased, the presumption raised by the law upon proof that he was killed by the running and operation of the defendant's train was sufficient to carry to the jury the question of negligence. In the present case that presumption was fully met by the evidence for the defendant, which was not contradicted in the smallest material particular. As was said in the case of *Holland* v. *Sparks*, 92 *Ga.* 753, section 2321 of our present Civil Code "imposes the burden of proving the observance of such diligence as was due, not the burden of proving that none was due." The defendant company in this case even went to the extent of proving that no diligence was due; for it was clearly shown that neither the engineer nor fireman ever saw the plaintiff's husband on the track or right of way. The fact that the track was straight at this point for more than a quarter of a mile does not alter the principle involved; for the engineer and the fireman had no reason to expect the presence of a trespasser on the track, and relatively to him it was not negligence even if they failed to keep the usual lookout at this point. Besides, in view of the evidence as to the manner in which the deceased was struck by the passing train, it is quite conceivable that the engineer and the fireman may have been looking ahead in the full performance of their duties, and yet not have seen a man lying on or near the track. Certainly a lookout for such objects can not be exacted from railroad companies as the measure of diligence due to trespassers. A verdict for the

plaintiff would have been contrary to law, under the evidence in the record, and therefore it was not error to direct a contrary finding.

*Judgment reversed. All the Justices concur, except Simmons, C. J., absent.*