### 9734. DEAN v. ATLANTIC COAST LINE RAILROAD COMPANY.

BROYLES, P. J. The evidence showed that the homicide sued for resulted from the running of one of the defendant's trains, and raised the presumption that the defendant was negligent in each and every respect alleged in the petition. This presumption, however, was completely rebutted by other evidence elicited from the plaintiff's witnesses. This evidence disproved all of the proximate acts of the defendant's negligence as alleged in the petition, and the court did not err in awarding a nonsuit.

*Judgment affirmed. Bloodworth, J., concurs. Stephens, J., not presiding.*

ON MOTION FOR REHEARING.

BROYLES, P. J. Even if (as contended by counsel for plaintiff in error in the motion for a rehearing, but which is not conceded by this court) the evidence of the plaintiff's witnesses did not disprove *all* of the proximate acts of the defendant's negligence as alleged in the petition, but on the contrary affirmatively established some of these acts, it also clearly and indisputably showed that, by the exercise of ordinary care, the plaintiff's son, for whose homicide the action was brought, could have avoided the consequences of the defendant's negligence. Accordingly, the plaintiff was not entitled to recover, and the court did not err in awarding a nonsuit. *White v. Central Railroad &c. Co.*, 83 *Ga.* 595 (10 S. E. 273); *Jenkins v. Central Railroad &c. Co.*, 89 *Ga.* 756 (15 S. E. 655); *Central Railroad &c. Co. v. Newman*, 94 *Ga.* 560 (21 S. E. 219); *Comer v. Shaw*, 98 *Ga.* 543 (25 S. E. 733); *Gordon v. Atlantic Coast Line Railroad Co.*, 21 *Ga. App.* 812 (95 S. E. 311);

*Southern Ry. Co.* v. *Hogan,* 131 *Ga.* 157 (62 S. E. 64); *Moore* v. *Southern Ry. Co.,* 136 *Ga.* 872 (72 S. E. 403), and cases there cited.

*Rehearing denied. Bloodworth, J., concurs. Stephens, J., not presiding.*
DECIDED NOVEMBER 23, 1918. REHEARING DENIED DECEMBER 13, 1918.

Action for damages; from Early superior court—Judge Worrill. April 2, 1918.

*Glessner & Collins,* for plaintiff.

*A. H. Gray, Pope & Bennet,* for defendant.