11800.  FAIRBURN & ATLANTA RAILWAY & ELECTRIC COMPANY
*v.* LATHAM.

JENKINS, P. J. 1. Where a railway or street-railway company is sued for damages on account of a homicide shown to have been caused by the running of its cars, the defendant will be presumed to have been negligent as charged in the petition, and liable in damages; but this presumption is rebuttable, and there can be no recovery when it is made to appear that the company exercised all ordinary and reasonable care in the operation of its train or car, or when the homicide was brought about with the consent or solely on account of the negligence of the deceased, or when, although both parties were at fault, the negligence of the deceased was equal to or exceeded that of the company, or when, after the greater neglignce of the company had or should have become known to the deceased, he nevertheless could have avoided the consequences thereof by the exercise of ordinary care on his own part. If both parties were at fault, but the fault of the deceased was in some degree less than that of the defendant, and he could not have avoided the consequences of the defendant's negligence by the exercise of ordinary care on his own part, then the rule of comparative negligence in the apportionment of damages will be applied. The rules of law which bar a recovery in a case where the negligence of the deceased is equal to or exceeds that of the defendant, or in a case where the deceased fails to exercise the ordinary care required of him to avoid the consequences of the defendant's negligence, do not have application, however, when the contributory conduct of the defendant does not consist of mere negligence, but is willful or so grossly reckless as to amount to wantonness.

2. Applying the foregoing general principles to the facts of the instant case, there could be no recovery if it were made to appear that, in consequence of the deceased having voluntarily become intoxicated, he thereafter proceeded to place himself on the defendant's track, and, while lying in such a helpless condition and exposed situation, was run over and killed, unless it also be made to appear that the defend-

ant's conduct, contributing to the homicide, was willful or amounted to wantonness. This would be true not on the theory that under the particular facts and circumstances of the case the defendant might not have then and there owed the deceased the duty of exercising ordinary care in the operation of its car, but for the other and different reason that it could not possibly be said that the deceased, in thus voluntarily exposing himself to such a peril, had complied with his own duty of exercising ordinary care to avoid the consequences of the defendant's negligence; since, in viewing the conduct of one who has voluntarily become intoxicated, his drunkenness will afford no excuse, but he will be judged just as though he were in possession of his faculties (*Rollestone* v. *Cassirer*, 3 *Ga. App.* 161, 162 (4), 59 S. E. 442), and consequently will be charged with his failure to avoid the consequences of the defendant's negligence, as he could and ought to have done, in the exercise of ordinary care, by refraining from thus exposing himself. *Mansfield* v. *Richardson*, 118 *Ga.* 250 (3) (45 S. E. 769); *Moore* v. *Southern Ry. Co.*, 136 *Ga.* 872, 875, 876 (72 S. E. 403). If, after the presence and helpless condition of the deceased had become known to the defendant, or under the circumstances could and should have become known, it failed to comply with some special duty which it could and should have then and there performed for his protection, such dereliction on the defendant's part would authorize the jury to hold it liable, not for the reason that the defendant was then and there guilty of general negligence in the operation of its cars, but. on the theory that its failure to exercise ordinary care in the performance of its special duty, which under the circumstances was then and there owing to the deceased, amounted to wantonness. *Southern Ry. Co.* v. *Chatman*, 124 *Ga.* 1026 (53 S. E. 692, 6 L. R. A. (N. S.) 283, 4 Ann. Cas. 675); *Tice* v. *Central of Ga. Ry. Co.*, 25 *Ga. App.* 346 (103 S. E. 262, 263 (2 *d*); 20 R. C. L., 144, 145 (§ 118).

3. Willful or wanton conduct on the part of the defendant, contributory to the homicide, is neither charged nor proved, there being no evidence going to show that it failed in the performance of any special duty, which under the circumstances could and should have been then and there performed for the protection of the deceased. There is evidence, however, going to show that the defendant was guilty of contributory negligence, which might have amounted to a lack of ordinary care, in the operation of its car at the time and place of the injury; and, since under the evidence the defendant might then and there have been chargeable with the exercise of such a degree of care, and since the evidence does not absolutely demand a finding that the presence of the deceased, in an exposed and helpless, condition at the time and place of the injury, was due to intoxication, it does not necessarily follow that a recovery by the plaintiff is barred because of the failure of the deceased to avoid the consequences of the defendant's negligence by the exercise of ordinary care on his own part; and this, the first grant of a new trial, will therefore not be disturbed, even though the judge who tried the case had ceased to hold office at the

time the motion was passed on by his successor. *Van Giesen* v. *Queen Insurance Co.*, 132 *Ga.* 515 (64 S. E. 456).

*Judgment affirmed. Stephens and Hill, JJ., concur.*

DECIDED APRIL 14, 1921.

Action for damages; from Campbell superior court — Judge Hutcheson. June 25, 1920.

Application for certiorari was denied by the Supreme Court.

*J. H. Golightly, J. H. Longino,* for plaintiff in error.

*Edgar Latham, T. C. Waters, Branch & Howard,* contra.