27659. SOUTHERN RAILWAY COMPANY *v.* HICKS.

DECIDED SEPTEMBER 26, 1939. REHEARING DENIED DECEMBER 13, 1939.

*R. Carter Pittman, Erwin & Allen, Matthews, Owens & Maddox,* for plaintiff in error.

*J. H. Paschall, Y. A. Henderson, R. F. Chance,* contra.

GUERRY, J. This case is before the court on exceptions to the overruling of a general demurrer. The petition contained the following allegations: The plaintiff was injured by the running of the defendant's cars. Plaintiff approached said railroad along a path leading to the tracks, and at the point where he was struck and all along either side of said tracks there were distinct and well-beaten pathways which had been in constant use by the general public for twenty-five years, which was a fact well known to the defendant, its agents and employees. Before going on the right of way along said trail plaintiff stopped and listened for a train, and hearing none he ran up said embankment to the pathway along the western side of the tracks. From that point he could see 900 feet either way along said tracks, and he looked and saw no train. Seeing and hearing no train, he started crossing said tracks in a northeasterly direction. His attention was directed northward to see any train which might be approaching in that direction, and northeastward in trying to discover a continuation of the pathway or trail leading eastward, and thus while his mind was so engrossed he was totally unaware of the train approaching from the south, which was making no noise and running at a rate of sixty miles per hour, until said train was within approximately 500 feet of him, at which time he felt the trembling sensation under his feet and glanced to the right and saw the approaching train about 500 feet away. Before that time plaintiff had had no reason

to apprehend the train approaching from the south. Only four or five seconds previously he had looked in that direction. Seeing no train then, he proceeded to cross the tracks in a diagonal, north-easterly direction, during which time he traveled some ten feet. The sudden appearance of the train frightened the plaintiff and he made a quick effort to get off the track when his trousers became entangled in a spike or some protruding object on said railroad. This threw him to the ground and across the tracks. Although the plaintiff did everything in his power to get out of the way of the train, a wheel of the train, or some part of the engine, struck his right foot and mangled the bones. This necessitated the amputation of his lower leg. The train did not stop. The negligence alleged was that the engineer failed to keep a lookout, failed to sound a whistle, and failed to stop and give the plaintiff aid; also it was charged that the defendant was under the duty of anticipating his presence at the place where he was injured; that except for the speed of the train he would have had an opportunity after he fell to get out of the way; and that if the speed of the train had been checked he could have avoided injury. Further, the engineer failed to apply the brakes and reverse the engine. This conduct on the part of the engineer was negligent. All of the negligence was alleged as the proximate cause of the injury.

1. "The mere fact that the public may have been accustomed to travel on foot along a certain portion of the right of way of a railway company, and that no measures have been taken to prevent it, does not of itself operate to constitute a person so using the track a licensee of the company; and in the absence of the company's permission for such use, such unauthorized custom does not change the relation of one so using the property of the railway company from that of a trespasser." *Hammontree* v. *Southern Ry. Co.*, 45 *Ga. App.* 728 (165 S. E. 913) ; *Dodson* v. *Southern Ry. Co.*, 55 *Ga. App.* 413, 417 (190 S. E. 392) ; *Southern Railway Co.* v. *Barfield*, 112 *Ga.* 181 (37 S. E. 386).

2. "What amounts to a qualification of this rule is that if the presence of the trespasser on the track at the time and place of the injury is brought about by such peculiar facts and circumstances as would free him from guilt of a lack of ordinary care in thus exposing himself, the company would then be liable for a mere lack of ordinary care on its part in failing to anticipate his presence at a

time when and a place where it was charged with such duty, and in thereafter failing to take such precautions for his safety as might seem reasonable." *Hammontree* v. *Southern Ry. Co.*, supra, citing *Atlantic Coast Line R. Co.* v. *Fulford*, 159 *Ga.* 812 (127 S. E. 274) ; *Parish* v. *Western & Atlantic R. Co.*, 102 *Ga.* 285 (29 S. E. 715, 40 L. R. A. 364) ; *Fairburn & Atlanta Ry. Co.* v. *Latham*, 26 *Ga. App.* 698 (107 S. E. 88) ; *Georgia Railroad & Banking Co.* v. *Dawson*, 37 *Ga. App.* 542 (141 S. E. 57).

3. The petition in the present case does not allege wilful and wanton negligence, but bases its cause of action on simple negligence. In *Pressley* v. *Atlanta & West Point R. Co.*, 48 *Ga. App.* 382 (173 S. E. 731), it was held that the general rule is that if a homicide or injury occurs at a place on the railroad track of a company where it is the duty of the servants of the company to anticipate the presence of persons on the tracks, and their failure to so anticipate the presence of others thereon amounts to mere negligence, the negligence of the person killed under such circumstances amounting to lack of ordinary care for his safety, and where the person killed could, by the use of ordinary care, have avoided the consequences to himself of such negligence of the servants of the company, will prevent a recovery by one who sues for such homicide or injury. The case of *Lowe* v. *Payne*, 156 *Ga.* 312 (118 S. E. 924), is controlling as to this principle.

Even though it be conceded that under the decision in *Bullard* v. *Southern Ry. Co.*, 116 *Ga.* 644 (43 S. E. 39), the allegations in the present case are sufficient to make out a case of a lack of ordinary care on the part of the defendant company, the plaintiff would still not be entitled to recover if the pleaded facts are sufficient to show that he could have avoided the consequences of the defendant's alleged negligence by the exercise on his part of ordinary care. *Vaughn* v. *Louisville & Nashville R. Co.*, 53 *Ga. App.* 135 (185 S. E. 145), is relied on by the defendant in error. A reference to the record in that case discloses that the injury occurred within the city limits of Atlanta, and it was alleged that the defendant was violating a named city ordinance in respect to the speed of the train. It was also alleged in an amendment which the lower court erroneously refused to allow that by reason of a curve the plaintiff, when he started across the tracks of the defendant, could see but fifty feet in the direction from which the train was approaching,

and the failure to give any warning and the other pleaded facts amounted to wilful and wanton negligence. It will thus be seen that in the *Vaughn* case wanton negligence was alleged, and that the plaintiff might have been entitled to recover even though he had been guilty of contributory negligence. *Southern Railway Co.* v. *Wiley,* 9 *Ga. App.* 249, 251 (71 S. E. 11); *Central Railroad Co.* v. *Denson,* 84 *Ga.* 774 (11 S. E. 1039); *W. & A. Railroad Co.* v. *Bailey,* 105 *Ga.* 101 (31 S. E. 547); *Central Railroad Co.* v. *Brinson,* 70 *Ga.* 207, 227; *Humphries* v. *Southern Ry. Co.,* 51 *Ga. App.* 585, 588 (181 S. E. 135).

Under the facts as alleged in the present case the place where the injury occurred was some distance away from an incorporated town, or, as we say, "out in the country." The alleged path was evidently indistinct, for the plaintiff alleges that his mind was distracted in trying to discover a continuation thereof. No negligence per se on the part of the defendant was alleged. The plaintiff could see 900 feet down the track; he was walking between the rails and not on the paths which were alleged to be on either side of the track, and he failed to look south for four or five seconds until he felt the trembling of the ground when the train was 500 feet away. "A railroad track is a place of danger, and one who goes thereon is bound to know that he is going into a place where he is subject to the dangers incident to the operation of trains upon that track." *Western & A. R. Co.* v. *Ferguson,* 113 *Ga.* 708, 713 (39 S. E. 306, 54 L. R. A. 802). "A person, while grossly negligent himself, has no legal right to count on due diligence by others, but is bound to anticipate that others, like he has done, may fail in diligence, and must guard, not only against negligence on their part which he might discover in time to avoid the consequences, but also against the ordinary danger of there being negligence which he might not discover until too late." *Central Railroad and Banking Company* v. *Smith,* 78 *Ga.* 694 (4) (3 S. E. 397). And, as was further said on page 700 in that case: "If he had been on the crossing, or at any place he was by right entitled to be, he would have been warranted in assuming that the whole world would be diligent in respect to him and his safety."

Under the allegations of this petition this plaintiff could see 900 feet in the direction from which the train was approaching. Seeing no train, he entered upon the track and without continuing

to look "became so engrossed" with looking for other things that he failed to observe the train while it was running at least 400 feet, and then, though he discovered it 500 feet away, he failed to get out of its way. So far as appears from the pleadings, the plaintiff was an able-bodied man in possession of all his faculties. No peculiar circumstances are alleged which freed him from the duty to exercise ordinary care for his own safety in a known place of danger. He was not walking along the pathways on either side of the track, which were alleged to have been in constant use for many years, but was walking between the rails with his back to the approaching train. Its sudden discovery 500 feet away caused him to become entangled in some way not known and to fall across the tracks, and allowed his right foot to become mangled. His own negligence at a place where he had no right to expect due diligence by others prevents him from relying on the failure of others to exercise ordinary care for his safety. His sudden jump, which caused him to fall, was caused by his own negligence in failing to keep a lookout for the train. The petition does not allege that he merely crossed the track from one side to the other, which he certainly might have done while a train was traveling 900 feet, but it does allege that he walked between the rails for at least four of five seconds, and this fact caused him to be placed, and to remain, in the emergency that frightened him, and resulted in his injury by reason of his foot being struck by a wheel or other part of the train. See in this connection *Atlanta and West Point R. Co.* v. *Loftin,* 86 *Ga.* 43 (12 S. E. 186).

The demurrer to the petition as amended should have been sustained.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*