31614. SMITH *v.* ATLANTIC COAST LINE RAILROAD COMPANY *et al.*

DECIDED JUNE 27, 1947.

350

*Titus & Altman,* for plaintiff.

*W. W. Alexander, Bennet & Harrell,* for defendants.

GARDNER, J. 1. (a) It is conceded that the deceased was a trespasser. It must be conceded also that he was a mature man, in the possession of all his faculties and senses. The gist of the contentions of the plaintiff is that the engineer in moving "one or

two box cars" northward on the main track of the railway company, had coupled the front of the switch engine to the rear of one of the cars, which cars were being pushed toward the packing plant. Thus it was that the engineer obstructed his vision along the track to such an extent that he could not see one on the track and that in so doing the defendant was guilty of gross negligence. It therefore follows, logically, that the engineer did not see the deceased before the car struck and killed the deceased. The petition alleges that the railroad track traversed a populous section of the City of Thomasville, and that the general public had, for a number of years, been using, with the knowledge of the defendant, footpaths on either side of the track. The paths were located so near the track that one using them would be struck by a moving train on the track unless the pedestrian stepped aside. There were two streets about 500 feet apart, which intersected the railroad track at right angles. Collins Street is located south of Webster Street. The deceased was traveling west on Collins Street and entered upon the path on the east side of the railroad track and proceeded northward toward Webster Street in the same direction the cars were moving. Before the deceased had walked 50 feet (the petition is silent as to how far he did walk after entering upon the path), the cars struck him from the rear, dragging him about 100 feet and to his death. We think this is a clear, brief summary of the situation as depicted by the petition. In such a situation the defendant owed to the plaintiff no duty other than not to wilfully or wantonly injure or kill him. It was the duty of the deceased to use ordinary care to protect himself.

It is the contention of counsel for the plaintiff that if the cars had been coupled to the rear of the switch engine that the deceased could have discovered the cars approaching from the rear and that likewise the defendant could have seen the deceased and stopped the engine within 30 feet before striking the deceased.

(b) The allegations of the petition do not charge wilful and wanton negligence. They charge only gross negligence. "Negligence, including gross negligence, and wilful and wanton misconduct, are not construed in this State as synonymous terms. *Harris* v. *Reid,* 30 *Ga. App.* 187 (117 S. E. 256); *Central of Georgia Ry. Co.* v. *Stamps,* 48 *Ga. App.* 309 (5) (172 S. E. 806);

*Buffington* v. *A. B. & C. R. Co.,* 47 *Ga. App.* 85, 88 (2), 89 (169 S. E. 756)." The same authority says: "If, however, the presence of a trespasser on the track at the time and place of the injury is brought about by peculiar facts and circumstances which relieve him from the guilt of a lack of ordinary care in thus exposing himself, the company might be liable for a mere lack of ordinary care on its part in failing to anticipate his presence at a time when and a place where it was charged with such duty, and in thereafter failing to take such proper precautions for his safety as might seem reasonably necessary." See also *Central Railroad & Banking Co.* v. *Smith,* 78 *Ga.* 694 (3 S. E. 397); *Smith* v. *Central R. & Banking Co.,* 82 *Ga.* 801 (10 S. E. 111); *Wilds* v. *Brunswick & Western R. Co.,* 82 *Ga.* 667 (9 S. E. 595); *Western & Atlantic R.* v. *Bloomingdale,* 74 *Ga.* 604; *Hankerson* v. *Southwestern R.,* 59 *Ga.* 593; *Southwestern R.* v. *Hankerson,* 61 *Ga.* 114; *Southwestern R.* v. *Hankerson,* 72 *Ga.* 182; *White* v. *Central R. & Banking Co.,* 83 *Ga.* 595 (10 S. E. 273); *Central Railroad & Bkg. Co.* v. *Denson,* 84 *Ga.* 774 (11 S. E. 1039); *A. & W. P. R. Co.* v. *Loftin,* 86 *Ga.* 43 (12 S. E. 186); *Richmond & Danville R. Co.* v. *Watts,* 92 *Ga.* 88 (17 S. E. 983); *Ashworth* v. *East Tenn., Va. & Ga. R. Co.,* 97 *Ga.* 306 (23 S. E. 86); *Parish* v. *W. & A. R. Co.,* 102 *Ga.* 285 (29 S. E. 715, 40 L. R. A. 364); *Hall* v. *W. & A. R. Co.,* 123 *Ga.* 214 (51 S. E. 311); *Moore* v. *Southern Ry. Co.,* 136 *Ga.* 872 (72 S. E. 403); *Rollestone* v. *Cassirer,* 3 *Ga. App.* 175 (59 S. E. 442); *Bugg* v. *Knowles,* 33 *Ga. App.* 710 (127 S. E. 813); *Southern Ry. Co.* v. *Lomax,* 67 *Ga. App.* 406 (20 S. E. 2d, 437); *Georgia R. & Bkg. Co.* v. *Dawson,* 37 *Ga. App.* 542 (141 S. E. 57); *Thornton* v. *Southern Ry. Co.,* 71 *Ga. App.* 530 (31 S. E. 2d, 189); *Southern Railway Co.* v. *Hicks,* 61 *Ga. App.* 307 (6 S. E. 2d, 193); *Kennemer* v. *W. & A. R. Co.,* 42 *Ga. App.* 266 (155 S. E. 771); *Leverett* v. *L. & N. R. Co.,* 38 *Ga. App.* 155 (142 S. E. 905); *Collett* v. *A. B. & C. R. Co.,* 51 *Ga. App.* 637 (181 S. E. 207); *Southern Ry. Co.* v. *Evans,* 56 *Ga. App.* 177 (192 S. E. 505); *Atlanta & Charlotte Air-Line Ry. Co.* v. *Gravitt,* 93 *Ga.* 369 (20 S. E. 550, 26 L. R. A. 553, 44 Am. St. R. 145); *Devane* v. *Atlanta B. & A. Ry. Co.,* 4 *Ga. App.* 136 (60 S. E. 1079); *Southern Ry. Co.* v. *Duke,* 16 *Ga. App.* 673 (85 S. E. 974); *Pollard* v. *Todd,* 62 *Ga. App.* 251 (8 S. E. 2d, 566); *Southern Ry. Company* v. *Perkins,* 66 *Ga. App.* 66 (17 S. E. 2d, 95); *Callaway* v. *Zittrouer,* 69

*Ga. App.* 338 (25 S. E. 2d, 311); *Southern Railway* v. *Barfield,* 112 *Ga.* 181 (37 S. E. 386); *Powell* v. *Smith,* 70 *Ga. App.* 754 (29 S. E. 2d, 521). The petition in the instant case does not allege any particular facts and circumstances which might relieve the deceased from the lack of ordinary care in exposing himself. *A. C. L. R. Co.* v. *Fulford,* 159 *Ga.* 812 (127 S. E. 274); *Lowe* v. *Payne,* 156 *Ga.* 312 (118 S. E. 924); *Young* v. *South Ga. R. Co.,* 34 *Ga. App.* 537 (130 S. E. 542); *Dodson* v. *So. Ry. Co.,* 55 *Ga. App.* 413 (190 S. E. 392); *Central of Georgia Railway Co.* v. *Stamps,* 48 *Ga. App.* 309 (172 S. E. 806). It therefore follows that it may be conceded that the defendant was guilty of gross negligence as alleged in the petition, and still not be liable under the allegations of the petition, for the reason that it appears from the allegations of the petition that the deceased failed to exercise ordinary care for his own safety. The case therefore, on the issue formed by the demurrer to the petition, resolves itself into a case of simple negligence. *Luck* v. *W. & A. R. Co.,* 73 *Ga. App.* 197 (36 S. E. 2d, 59). See also, in this connection, *A. C. & L. R. Co.* v. *Fulford,* supra; *Redding* v. *Callaway,* 74 *Ga. App.* 855 (41 S. E. 2d, 804).

(c) To sustain their contention that the court erred in sustaining the demurrer counsel for the plaintiff cite: *Lowe* v. *Payne,* supra; *Central Railroad & Bkg. Company* v. *Denson,* supra; *Mandeville Mills* v. *Dale,* 2 *Ga. App.* 607 (58 S. E. 1060); *Southern Railway Co.* v. *Chatham,* 124 *Ga.* 1026 (53 S. E. 692, 6 L. R. A. (N. S.) 283, 4 Ann. Cas. 675); *Atlantic Coast Line R. Co.* v. *Heath,* 57 *Ga. App.* 763, 771 (196 S. E. 125). Upon a careful reading of these cases, we reach the conclusion that under their facts they furnish no basis for reversing the judgment of the trial court in the instant case. The allegations of the petition do not allege such facts as would justify an inference under the decisions of this State, as we construe them, that would warrant a recovery by the plaintiff against the defendant in the instant case.

The court did not err in sustaining the demurrer and dismissing the petition for any of the reasons assigned.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*