AKRIDGE v. THE ATLANTA & WEST POINT RAILROAD Co.

1. The statute touching the ringing of the bell of a locomotive in a city, town or village, instead of sounding the whistle, is confined to signalling for the approach of crossings. It is not unlawful to make by whistling proper and necessary signals of approaching a station, as warning to adjust the switches. Though the case on trial may be subject to some exception to a general rule of law, the court in charging the jury may state the general rule to enable the jury to understand and properly apply the exception. In the present case it does not affirmatively appear that the exception was not given in charge as well as the general rule.

2. In every case of alleged personal injury by negligence, where there was any considerable interval of time between the discovery of the negligence and its injurious effect, the jury ought to be made acquainted with the rule of law which puts the plaintiff on the exercise of ordinary care to avoid the consequences of the defendant's negligence.

3. A railroad company has no right to continue blowing a locomotive whistle in a city, town or village, for the purpose of giving a signal of its approach to the station, after the engineer discovers that a blast of the whistle already given has frightened a horse drawing a vehicle along the public road, and that the horse will probably be more frightened by continuing to blow till the signal is completed, the driver seated in the vehicle being engaged in an effort to control the animal. But it is a question for the jury whether the circumstances were such as to apprise the engineer, or put him on notice, of the peril which would be occasioned by continuing to blow the whistle.

4. There being no direct evidence of the plaintiff's want of skill, or that the horse was vicious, and no circumstances from which these facts were fairly inferable, it was error to charge the jury

that if they believed from the evidence "the *sole and real cause* of the plaintiff's injury was the wild, vicious and refractory disposition of the horse he drove, and the plaintiff's inability to control him, or the plaintiff's want of care or skill in the management of him, the plaintiff cannot recover."

5. The court erred in charging the jury, but not in denying any of the requests to charge. *Judgment reversed.*

August 27, 1892. By two Justices.

Railroads. Negligence. Charge of court. Before Judge VAN EPPS. City court of Atlanta. September term, 1891.

Akridge sued the railroad company for damages, alleging in brief: About September 22, 1890, he was driving a gentle mare to a sulky, going south along the East Point road. He was within the corporate limits of the town of East Point, and at or near the point known as Verbena station, at which point the dirt road runs parallel with defendant's railroad, there being only thirty or forty feet between the two, the ground between being level, and a plain view of either way may be had from the other. A freight-train of defendant, bound south, approached the point where plaintiff was driving and in plain view of him. The hour was about six or half past six in the afternoon. Just before the train got even with plaintiff it blew the whistle long and loud, at which the horse became frightened and started to run, but plaintiff managed to hold her. The engineer, still being in clear view of plaintiff and seeing his animal frightened by the whistling, blew again and again and did not stop until he had blown three or four more loud blasts. This made the horse frantic with fear, and the engineer and those in charge of the engine had deliberately blown the whistle thus repeatedly, although seeing or able to see the condition of the horse and plaintiff's danger. As a result the horse became unmanageable and ran away, throwing over the sulky, tearing it to pieces and hurling plaintiff violently against a tree by the side of the road. The declaration then

described the injuries received, stated his doctors' bills, loss of earnings, etc., and alleged further, that the blowing was purposely done to frighten the horse and maliciously persisted in after seeing plaintiff's perilous position; that there was no necessity or requirement for the blowing, and it was not only uncalled for, but done wantonly and recklessly, and occurred in an incorporated town.

There was a verdict for the defendant. Exception was taken to the following charges: "The authority to operate a railroad includes the right to make all the noises incident to the moving and working of its engines, as in the escape of steam and rattling of cars, and also to give the usual and proper signals of its approach to way-stations on its line by blowing the whistle, if this was a reasonable and necessary thing to be done, and this although such way-station may happen to be in an incorporated town or village." The errors alleged as to this charge are: (1) It justifies whistling in the corporate limits of a town to signal the approach to a station, if such whistling is a reasonable and necessary thing to be done, the question not being whether such whistling, as a general thing, was reasonable and necessary, but whether it was reasonable in this particular case in view of plaintiff's proximity to the track, the thickly settled locality, etc. (2) In charging that defendant had the right to signal its approach to a station by whistling in the limits of a town, and leaving it to the jury to say whether such custom was reasonable and necessary, plaintiff insisting that no such general right for such purpose of signalling exists, and the exercise of such right could not depend on whether the custom of whistling was reasonable and necessary. (3) It was error to charge on any general right defendant had to whistle in a town, the question being on the right to whistle in this particular case.

Also : "If you believe that the defendant was negligent in blowing its whistle in an unusual and unnecessary manner, still if the plaintiff, in the exercise of ordinary care on his own part, after this negligence had begun to operate and its peril to impend over him, could have avoided the consequences to himself of that negligence, he cannot recover." This was alleged to be error because there was no evidence upon which to predicate it, there being nothing in the case to show want of ordinary care on plaintiff's part, defendant's only defence being that it was guilty of no negligence.

Also : "If you believe from the evidence that the injury to the plaintiff was caused by the blowing of the whistle of the locomotive, and you further believe that the whistle was not carelessly or recklessly blown, but for the purpose of signalling its approach to a way-station, and that this was done in the usual manner, and was in your opinion reasonable and necessary in view of the actual occasion and situation, the plaintiff cannot recover." Error, because not warranted by the evidence; because, no matter if the custom was to signal approach to way-stations by the whistle and this was the usual manner, it could not be reasonable and necessary if likely to produce injury to a traveller on a highway. Whether such whistling was generally necessary and reasonable has nothing to with the case.

Also : " If you believe from the evidence that the defendant's servants in charge of the engine were not negligent in blowing the whistle, in the sense charged, but that the sole cause and the real cause of the plaintiff's injury was the wild, vicious and refractory disposition of the horse he drove, and the plaintiff's inability to control him, or the plaintiff's want of care or skill in the management of him, the plaintiff cannot recover." Error, because there was no evidence on which to base such charge.

Further exception was taken to the refusal of the court to give in charge the following:

"A rule or custom of a railroad requiring its employees to blow at a certain point, is, of itself, no justification for whistling there if, under the circumstances of the case, the whistling would probably produce injury to some person on the adjacent road. Rules emanate from the defendant and may in themselves be negligent.

"You are to determine as a question of negligence or diligence whether the whistle should have been blown or not. If the engineer knew, or could have known by ordinary diligence, that his blowing or his continuing blowing would frighten the plaintiff's animal and cause him injury, the engineer should have abstained from such further whistling, and the defendant is liable for any injury occasioned by such prolonged whistling."

ARNOLD & ARNOLD, for plaintiff.

CALHOUN, KING & SPALDING and A. CAMPBELL KING, for defendant.