## WESTERN & ATLANTIC RAILROAD CO. *v.* BAILEY.

If an engineer, while running a train, saw a trespasser upon the track in time to stop before striking him, but nevertheless "carelessly, negligently, recklessly, and wrongfully allowed and permitted" the train to "run at a reckless and dangerous rate of speed . . . without any bell or whistle being sounded, or without any other danger or alarm signal being given, or without any effort to stop said train being made," and the trespasser was thus killed; and if his body was hurled against an employee of the railroad company, who was free from fault or negligence and in his proper place performing his duties as a servant of the company, and he was in this manner injured, he had a cause of action against the company.

Argued June 16,—Decided July 22, 1898.

Action for damages. Before Judge Fite. Whitfield superior court. October term, 1897.

The petition alleged, that in March, 1897, in the county in which the suit was brought, an engine and train of cars operated by the defendant ran against an unknown person who was walking upon its track in front of the train, killing him instantly and hurling his body against the plaintiff, who was standing at a safe distance from the track, with such force that it knocked the plaintiff down, thus causing injuries described, without fault or negligence on the part of the plaintiff. The train was then being run negligently, recklessly and wrongfully, at a dangerous rate of speed, to wit fifty miles an hour, without any bell or whistle being sounded, nor any other danger or alarm signal being given, and without any effort to stop the train being made by the persons in charge of it, though the engineer in charge of it saw said unknown person upon the track and had ample time to stop the train. Said unknown person was unaware of the approach of the train, and his attention was directed in another direction, and he was unseen by the plaintiff, who was then engaged in the defendant's employment in the performance of his duties as a laborer or track-hand.

A general demurrer was overruled, and defendant excepted.

*Payne & Tye* and *R. J. & J. McCamy,* for plaintiff in error. *Marchbanks & Matthews* and *B. Z. Herndon,* contra.

LITTLE, J. It may be stated as a general rule, that one who goes upon the track or premises of a railroad company, except

at a public crossing or in a highway, without the invitation or license of the company, express or implied, is a trespasser. 3 Elliott on Railroads, § 1252. It may be also stated as a general rule, that the company owes no duty to a trespasser upon its track, except to do him no wilful or wanton injury. A trespasser is a wrong-doer, and it is a general principle of jurisprudence that the courts will not aid a wrong-doer. The fact that the trespasser is a wrong-doer does not, however, justify malicious, wanton, or wilful maltreatment of him; and the failure to use reasonable care to avoid injury to him, after the discovery of his danger, may sometimes be sufficient evidence of wantonness or wilfulness. But neither negligence nor wilfulness can ordinarily be shown in this way, where an adult or person apparently able to take care of himself is upon the track, because the railroad employees have a right to assume, in the absence of anything to the contrary, that he will get off the track or take such other precautions as may be available to avoid injury to himself. 3 Elliott on Railroads, § 1253, and authorities cited. If, after discovering the danger to the trespasser and his inability to escape, the company fails to exercise reasonable care, it will be liable, if the exercise of such care would have prevented the injury; and although there is a clear distinction between negligence and wilfulness, yet a reckless and wanton disregard of consequences, evincing a willingness to inflict injury, may amount to wilfulness, although there is no direct proof of actual intention to inflict the injury complained of. 3 Elliott on Railroads, § 1257, and authorities cited; *Central R. & B. Co.* v. *Denson,* 84 *Ga.* 782. In the case of Central Railroad Co. *v.* Vaughan, 93 Ala. 209, where a trespasser was seen by the engineer upon a long trestle in time to have stopped the train, and the latter did nothing to stop or slacken the speed of the train, but went on, speculating on the chances of the trespasser's reaching the end of the trestle before the train arrived there, although it must have been apparent that the trespasser could not escape, it was held that the engineer was guilty of such recklessness as amounted to wilfulness, and that the company was liable for running over and killing such trespasser while upon the trestle, regardless of his contributory negligence. The presumption

that a person apparently of full age and capacity, who is walking or standing on the track, will leave it in time to save himself from harm, will not avail when the person who is on the track appears to be intoxicated, asleep, or otherwise off his guard, etc. Pierce on Railroads, 331, and authorities cited.    A like doctrine is announced in the case of *Central Railroad* v. *Brinson,* 70 *Ga.* 207.    The company is at liberty to act on this presumption, and to continue to act on it, until it discovers that the person is not likely to escape the peril, and then it is bound to exert itself to avoid the calamity.    *Georgia Railroad* v. *Williams,* 74 *Ga.* 736. In the case of *Central Railroad* v. *Brinson,* supra, it is held: "One who walks upon the track of a railroad not at a road-crossing, is a trespasser thereon, and while the road would be liable for a wanton or wilful wrong of its agents, acting within the scope of their duty; or for gross negligence or carelessness, evincing reckless disregard of the safety of others; or where they perceive the danger of a party in time and make no effort to avoid it, still the company is under no such obligation to a trespasser as to those who are properly and lawfully upon its premises," etc.    See also *S., F. & W. Ry.* v. *Stewart,* 71 *Ga.* 427; *Western & Atlantic Railroad* v. *Meigs,* 74 *Ga.* 857.

According to these authorities, the petition, which under the demurrer must be taken as true, shows that the railroad company was guilty of wilful or wanton negligence in allowing the engine in charge of its servants to collide with or run against the unknown man, and thus being negligent, this act on its part must be held the proximate and efficient cause of the injury which the plaintiff sustained by reason of the body of the unknown man being hurled, perforce of the blow inflicted by the engine, against him.    The negligence of the defendant put in motion the destructive agency, and the injury sustained by the plaintiff was directly attributable thereto, and there was no intervention of a new force or power of itself sufficient to stand as the cause of the mischief; there was no new and independent force acting in and of itself causing the injury, and superseding the original wrong so as to make it remote in the chain of caus‹ tion; there was no interposition of a separate independ agency over which the defendant neither had nor exercised ‹

trol. *Perry* v. *Central R. Co.,* 66 *Ga.* 746; Pullman Palace Car Co. *v.* Laack, 143 Ill. 242. In the case of Alabama Great Southern Railroad Co. *v.* Chapman, 31 Am. & Eng. R. R. Cas. 394, where the plaintiff, while walking along the track of a railroad, observed an approaching train and stepped down on the embankment just before the train came along, and as the train came opposite to where plaintiff was standing a cow came up on the other side of the embankment, was thrown from the track by the engine, " bounced down " and struck the plaintiff, injuring her, it was held that if the animal was thrown from the track by the negligence of those in charge of the train, the injury could not be regarded as a purely accidental occurrence for which no action lies, but must be deemed to have been proximately caused by the negligence. In the opinion the court said: " When the cow was thrown by the engine, it struck the ground, bounced, and fell against plaintiff. The bounce and fall of the cow was the immediate cause, but it was merely incidental, and was not an independent agency which had no connection with the act of the defendant. The direct cause was put in operation by the force of the engine, which continued until the injury; and injuries directly produced by instrumentalities thus put in operation and continued, are proximate consequences of the primary act, though they may not have been contemplated or foreseen. The relation of cause and effect between the primary cause and the injury is established by the connection and succession of the intervening circumstances;" citing E. T., V. & G. R. Co. *v.* Lockhart, 79 Ala. 315; Ala. Great Southern R. Co *v.* Arnold, 2 So. Rep. 337. The same principle was recognized and applied in the case of *Akridge* v. *Atlanta & W. P. R. Co.,* 90 *Ga.* 232, where the plaintiff was held entitled to recover for injuries sustained by him from being violently thrown against a tree by a horse which the railroad had negligently frightened.

The court committed no error in overruling the demurrer to the petition.

*Judgment affirmed. All the Justices concurring.*