## COLUMBUS RAILROAD COMPANY *v.* NEWSOME.

Where an electrically propelled street-car is negligently run against a horse and buggy being driven across the street-car track at a street intersection, and the horse is hurled against a person in the street, injuring him, the negligence of the servants of the street-car company operating the car will be deemed the proximate cause of the injury.

NOVEMBER 13, 1914.

Action for damages. Before Judge Gilbert. Muscogee superior court. October 24, 1913.

John F. Newsome sued the Columbus Railroad Company, and alleged in substance as follows: The defendant is engaged in the business of operating a system of street railroads in the city of Columbus, operating its cars thereon by electricity. The system of railroads is composed in part of two lines of railroad track running north and south on Broad street in that city, parallel with each other, and about thirty feet apart. In the center of Broad street at its intersection with Twelfth street, and between the two railroad tracks, the defendant maintains a transfer station, at which it is usual and customary for the cars to stop for the purpose of discharging and taking on passengers. Across Twelfth street, north of the transfer station, is located a drinking-fountain, at which horses, mules, and other animals are permitted to be watered, which fountain is located about midway between the two tracks in Broad street. Petitioner was riding in a buggy, and the horse attached to it was

stopped at the drinking-fountain for the purpose of being watered; petitioner remaining in the buggy while the horse was drinking. While waiting for the horse to drink, an unknown negro man driving a horse or mule attached to a buggy, and traveling in a westerly direction on Twelfth street, drove upon the east line of the railroad track, just north of the transfer station, for the purpose of crossing the same; and while on the track a car of the defendant, which had been stopped at the transfer station, was started off north across Twelfth street, and was negligently and carelessly run upon the horse and buggy which were driven by the negro, and the horse was thrust and thrown over and against petitioner and the buggy in which he was sitting, striking petitioner with great force and violence, knocking him from the buggy, and injuring him in the manner set out. The horse which struck petitioner was being driven by the negro across the railroad track in Twelfth street, the same being a public street, about twenty-five or thirty feet north of the transfer station, in full, open, and unobstructed view of the motorman in the control of the street-car; and while the negro man was in the act of crossing over the railroad track the motorman started off the car and ran the same against and upon the buggy, knocking the horse against petitioner. The negro man was free from fault, and the negligence of the motorman in starting off the car while the negro man was crossing over the track, and running the same upon the horse, was the direct and proximate cause of the horse being thrust against petitioner. It is charged that the defendant was negligent, in that the motorman started off the car while the negro was driving across the railroad track, and negligently and carelessly ran the car against the horse, thrusting and throwing the horse against petitioner; that the motorman failed to exercise ordinary care and diligence in starting off the car while the horse and buggy driven by the negro were upon the railroad track; that the motorman was negligent in failing to exercise due care in stopping the car before striking the horse and buggy; that the motorman failed to exercise due care to avoid striking the horse and buggy, when the danger of striking the same was apparent to him, or should have been apparent by the exercise of ordinary and reasonable care; and that the motorman, seeing the horse and buggy upon the track, did not make any effort to stop the car so as to avoid striking the horse and buggy. The defendant demurred on

the ground that no cause of action was set out, and that the proximate cause of the alleged injury was not the defendant's negligence. The demurrer was overruled, and the defendant excepted.

*Frank U. Garrard* and *A. S. Bradley,* for plaintiff in error.

*T. T. Miller,* contra.

EVANS, P. J. (After stating the facts.) According to the petition, the plaintiff was on a public street in the city of Columbus, where he had a right to be. He was not guilty of any negligence in stopping his horse to water at the drinking-fountain provided for that purpose. The unknown negro man was driving his horse along the streets, and over the defendant's track, in the exercise of due diligence. It is alleged that the defendant was negligent in certain particulars in running its car against the horse driven by the negro man, and thrusting the horse against petitioner and injuring him. The only question, therefore, which can arise is, whether the negligence of the company proximately caused the plaintiff's injury. We think it clear from the allegations in the petition that the plaintiff sustained his injury on account of the negligence of the defendant's motorman, and that such negligence was the proximate cause of the injury. The hurling of the horse against the petitioner, under the circumstances described in the petition, is controlled by the same principles which would apply to the projection of an inanimate object set in motion by the defendant's negligence. In the celebrated squib case, Scott *v.* Shepperd, 2 W. Bl. 892, it was held that an action of damages would lie for originally throwing a squib, which, after having been thrown about in self-defense by other persons, at last put out the plaintiff's eye. In Alabama Great Southern Railroad *v.* Chapman, 80 Ala. 615 (2 So. 738), the plaintiff had been walking on the track of the defendant's road, and got down on the edge of the embankment to permit an approaching train to pass. A cow came up on the other side of the embankment, and was thrown from the track by the engine, and bounced down and hit the plaintiff. There was evidence tending to show that the engineer was negligent in running his engine against the cow; and it was held that if the animal was thrown from the track by the negligence of those in charge of the train, the injury to the plaintiff would be deemed to have been proximately caused by the engineer's negligence. In Quill *v.* New York Central R. Co., 32 N. Y. St. 612 (11 N. Y. Supp. 80), a passing train collided with a coal-cart at a railroad crossing.

The cart was thrown against a person standing on a highway, inflicting injuries which caused his death. It was contended that the collision between the engine and the coal-cart was due to the negligence on the part of the company's servants in not giving proper and timely warning of the approaching train. A recovery in favor of the administrator of the decedent was sustained. The facts in the case of *Western & Atlantic Railroad Co.* v. *Bailey,* 105 *Ga.* 100 (31 S. E. 547), are very similar to the facts of this case. An engineer negligently ran his train upon a trespasser walking upon the track, killing him, and hurling his body against a track-hand who was standing near the track; and it was held that the plaintiff was entitled to recover on the ground that "the negligence of the defendant put in motion the destructive agency, and the injury sustained by the plaintiff was directly attributable thereto." See *Savannah Electric Co.* v. *Wheeler,* 128 *Ga.* 550 (58 S. E. 38, 11 L. R. A. (N. S.) 1176). There was no error in overruling the demurrer. There is no merit in the special demurrer.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*