### 8041. SEABOARD AIR-LINE RAILWAY *v.* DEAL.

LUKE, J. 1. From the evidence in this case it appears that the unmarried son of the plaintiff (a married woman) was earning about $600· annually, and was living with the family composed of the father, the mother, and other children, and contributed to the common fund used for the support of the entire family *(Augusta Railway Co.* v. *Glover,* 92 *Ga.* 132 (6), 18 S. E. 406); and there was evidence authorizing the jury to find that he walked on the defendant's line of railroad at night from the town of Townsend towards his home near Jones; that the way along the line of the railroad was used by pedestrians and had been so used for some time, and· was straight; that, without the engineer or fireman having discovered his presence, he was struck and killed by a train of cars operated by the defendant; and that he was a licensee, and not a trespasser. *Held:* (*a*) The court, under the facts of the case, did not err in giving in charge to the·jury sections 2779 and 2780 of the Civil Code (1910). (*b*) The question whether the deceased was in the exercise of ordinary care at the time of his death was solely for determination by the jury. (*c*) The plaintiff, if she was entitled to recover at all, was entitled to recover the full value of the life of the deceased as shown by the evidence.

2. The charge of the court is not ·subject to the criticisms urged, and, there being some evidence to authorize the verdict, it was not error to overrule the motion for a new trial.

> *Judgment affirmed. Wade, C. J., and George, J., concur.*
> DECIDED JUNE 15, 1917.

Action for damages; from McIntosh superior court—Judge Sheppard. August 31, 1916.

*Bolling Whitfield,* for plaintiff in error.

*Charles M. Tyson,* contra.