### 11535. CENTRAL OF GEORGIA RAILWAY CO. *v.* THOMPSON.

SMITH, J. 1. Whether or not the frequent and continued use of the defendant's right of way at the point where the deceased met his death was such as to require the defendant company to anticipate the presence of pedestrians on or near the track, and whether, with such notice and resulting duty, ordinary care was exercised by it, are questions of fact for determination by a jury. *Williams* v. *Southern Ry. Co.,* 11 *Ga. App.* 309, 313 (75 S. E. 572); *Western & Atlantic R. Co.* v. *Watkins,* 14 *Ga. App.* 392 (80 S. E. 916); *Atlantic Coast Line R. Co.* v. *Burroughs,* 20 *Ga. App.* 197 (2) (92 S. E. 1010).

2. While it is true that a railroad-track is a place of danger, and one who trespasses thereon is guilty of negligence, yet when the company discovers this negligence, or has reason to anticipate it, and if such a trespasser is on the track in an apparently helpless condition, ordinary diligence requires the use of every means then available to avoid running down and killing him; and if, under such circumstances, this degree of care is not exercised, and death results, the killing will be deemed in law to have been wilful and wanton. Contributory negligence on the part even of a trespasser will not defeat a recovery for a wanton homicide. See *Central Railway Co.* v. *Pelfry,* 11 *Ga. App.* 119, 125 (74 S. E. 854).

3. While it may be assumed that an adult walking on a railroad-track will get off in time to avoid injury to himself, the rule is otherwise as to children of tender years, or persons who appear to be disabled by deafness, intoxication, sleep, or other cause, from taking care of themselves. *Western & Atlantic R. Co.* v. *Bailey,* 105 *Ga.* 101, 102 (31 S. E. 547); *Central Railroad* v. *Brinson,* 70 *Ga.* 207; *Baston* v. *Georgia Railroad,* 60 *Ga.* 339.

4. Applying these principles to the petition as amended, the court did not err in overruling the general demurrer.

5. The petition as amended contained allegations that "defendant saw deceased on the track;" that "defendant saw or ought to have seen

deceased on the track;" and that "defendant's servants did not see deceased upon the track." Certainty of statement is one of the paramount aims of pleading; and the plaintiff obviously violated this essential rule by basing his case, in the same count, upon such inconsistent allegations as to render it impossible for the defendant to tell whether he was relying on actual or constructive knowledge of the presence of the deceased on the track. It was, therefore, reversible error of the court to overrule a special demurrer pointing out this ambiguity. See *Central Railway Co.* v. *Prior*, 142 *Ga.* 536, 537 (1) (83 S. E. 117). The other special demurrers were properly overruled.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED OCTOBER 19, 1920.

Action for damages; from Burke superior court — Judge Henry C. Hammond. April 6, 1920.

*H. W. Johnson,* for plaintiff in error.

*H. J. Fullbright, C. H. & R. S. Cohen,* contra.