### 11625.  PAYNE, director-general, *v.* HAYES.

SMITH, J.  1. Whether the frequent and continued use of the right of way of the railroad at the point where the deceased met his death was such as to require the railroad company to anticipate the presence of pedestrians on or near the track, and whether, with such notice and resulting duty, ordinary care was exercised on the part of the railroad company, are questions of fact for determination by a jury. *Central of Georgia Ry. Co.* v. *Thompson*, ante, 715 (104 S. E. 515), and cit.

2. While it is true that a railroad-track is a place of danger, and one who trespasses thereon is guilty of negligence, yet when the railroad company discovers this negligence, or has reason to anticipate it, and such a trespasser is on the track in an apparently helpless condition, ordinary diligence requires the use of every means then available to avoid running down and killing him; and if, under such circumstances, this degree of care is not exercised, and death results, the killing will be deemed in law to have been wilful and wanton. Contributory negligence on the part of even a trespasser will not defeat a recovery for a wanton homicide. *Central of Georgia Ry. Co.* v. *Thompson*, supra.

3. While it may be assumed that an adult walking on a railroad-track will get off in time to avoid injury to himself, the rule is otherwise as to children of tender years, or persons who appear to be disabled by deafness, intoxication, sleep, or other cause, from taking care of themselves. *Central of Georgia Ry. Co.* v. *Thompson,* supra.

4. The allegations of the petition as amended bring this case within the principles announced above, sufficiently to withstand the demurrers interposed.

5. However, where a suit for damages was brought against a railroad company for an injury occurring while the railroad was under government control, the director-general of railroads was a proper party defendant to the suit, and he could be made such by amendment; and when, at the time the case came on to be heard on demurrer, the control of the railroad had been turned back to the owners and an agent had been appointed by the President of the United States to represent the government in all cases arising while the railroad was under government control, it was proper that the agent so appointed should be a party defendant to the suit, and he could be made such by amendment. The judgment of the court below is therefore affirmed, with direction that the plaintiff be allowed to make the agent a party defendant, by amending her petition.

*Judgment affirmed, with direction. Jenkins, P. J., and Stephens, J., concur.*

DECIDED NOVEMBER 2, 1920.

Action for damages; from city court of Atlanta — Judge Reid. May 24, 1920.

The action was for the killing of a 15-year-old son of the plaintiff by a train of the Atlanta and West Point Railroad Company when he was sitting on its track in a street of the city of Atlanta. The action was originally against the railroad company, but by amendment "the Director General of Railroads, operating" the railroad was substituted as defendant. The petition as amended alleges, in substance, that on July 25, 1918, the plaintiff's son was walking along the defendant's tracks near the intersection of the railroad with Fair street, and approximately 300 feet south of the Fair street crossing, when he was taken seriously ill and became unconscious. He became so ill and confused, unconscious, and helpless that he sat down upon the track of the defendant at that point, when a train of the defendant approached him from the north, running in a southerly direction, at a great rate of speed, to wit, 35 miles per hour, and the train continued at that speed until it ran across Fair street and struck him, causing injuries from which he died. The locality at that point and for a dis-

tance of at least a mile in each direction from it is thickly popu-
lated, and the railroad tracks in each direction are constantly used
by the public as a thoroughfare, and especially about 7 o'clock in
the morning, the hour at which the train struck the plaintiff's son.
The defendant's tracks at that point are almost straight, and the
defendant's engineer, fireman, conductor, and a certain train-hand
stationed upon the cow-catcher of the train saw or in the exercise
of ordinary care should have seen the plaintiff's son sitting upon
the track, for a distance of at least 300 yards before reaching him.
The defendant crossed the public crossing at Fair street without
tolling the bell of the engine and without simultaneously checking
the speed and continuing to check the speed of the engine so as to
stop in time should any person or thing be crossing the track, and
the train was being run in violation of a valid ordinance of the
city of Atlanta which prohibits the running of engines and cars
"through any part of the city at a greater rate of speed than 6
miles an hour." If the employees operating the train had not been
violating this ordinance they could have stopped the train in a dis-
tance of 20 feet and not have injured the plaintiff's son. He was
in the exercise of ordinary care; that is to say, he had his head in
his hands, was unconscious and oblivious to the approaching train,
and did not see it as it approached; and he was not warned of its
approach. It is alleged that the defendant was negligent, (*a*) in
operating the train across Fair street at the said intersection at
that time; (*b*) in operating the train in that locality at such a rate
of speed, where persons frequented the tracks and constantly used
them; (*c*) in operating the train at a rate of speed in violation of
the said ordinance; (*d*) in operating the train when the said em-
ployees of the defendant saw, or in the exercise of the ordinary care
with which they were charged should have seen, the deceased upon
the track; and (*e*) in operating the train without sounding a bell
or giving some other notice of its approach to persons upon the
track, and especially to the deceased. The defendant demurred to
the petition generally and specially, and contended that the de-
ceased was a trespasser and was guilty of negligence, and that the
employees operating the train owed him no duty to observe regula-
tions as to speed or warning, and were under no duty to exercise

care for his safety before notice of his perilous situation. The demurrer was overruled, and the defendant excepted.

*Brewster, Howell & Heyman, Mark Bolding,* for plaintiff in error.
*Hewlett & Dennis, C. P. Bentley,* contra.