12687. CENTRAL OF GEORGIA RAILWAY COMPANY *v.* THOMPSON.

JENKINS, P. J. 1. The evidence by which the plaintiff sought to account for and excuse the presence of the deceased, lying helpless on the track, at the time and place of the homicide, although weak and circumstantial, is not absolutely insufficient, and was coupled with testimony tending to negative the fact of his being then intoxicated. It follows that the ruling in *Parish* v. *Western & Atlantic Railroad Co.,* 102 *Ga.* 285, 291 (29 S. E. 715, 40 L. R. A. 364), does not control the case adversely to the plaintiff: It was held in that case that the presence of the injured person, lying at night on the track of the defendant company in a helpless and exposed position, amounted prima facie to a failure on her part to exercise ordinary care, that such negligence, except in a case where the injury is wilful or wanton, would prima facie operate to prevent a recovery, and that the burden of explaining and excusing her presence in such a helpless and exposed position rests upon the plaintiff, and not upon the defendant. See, in this connection, *Fairburn & Atlanta Ry. & Electric Co.* v. *Latham,* 26 *Ga. App.* 698 (107 S. E. 88).

2. Under the law of this case as formerly adjudicated by this court, and under the evidence disclosed by the record, the verdict for the plaintiff could not be disturbed, even though it were to be held that the jury were unauthorized to find that the plaintiff had succeeded in satisfactorily explaining and excusing the presence and helpless condition of the deceased on the track at the time and place of the homicide. "While it is true that a railroad track is a place of danger, and one who trespasses thereon is guilty of negligence, yet when the company discovers this negligence, *or has reason to anticipate it,* and if such a trespasser is on the track in an apparently helpless condition, ordinary diligence requires the use of every means then available to avoid running down and killing him; and if, under such circumstances, this degree of care is not exercised, and death results, the killing will be deemed in law to have been wilful and wanton. Contributory negligence

on the part even of a trespasser will not defeat a recovery for a wanton homicide." *Central of Ga. Ry. Co.* v. *Thompson,* 25 *Ga. App.* 715 (2) (104 S. E. 515) ; see also *Crawford* v. *So. Ry. Co.,* 106 *Ga.* 870 (33 S. E. 826) ; *So. Ry. Co.* v. *Chatman,* 124 *Ga.* 1026 (5) (53 S. E. 592, 6 L. R. A. (N. S.) 283, 4 Ann. Cas. 675). There was some evidence sufficient to authorize the jury to find that the defendant was then under the duty of anticipating the presence of the deceased, and was actually aware of his presence in such helpless and exposed condition in time to have avoided the injury by the exercise of ordinary care in the performance of the special duty thus arising and owing to him. *Tice* v. *Central of Ga. Ry. Co.,* 25 *Ga. App.* 346 (1) (103 S. E. 262), and cases cited. *Judgment affirmed. Stephens and Hill, JJ., concur.*

DECIDED MARCH 9, 1922. REHEARING DENIED MARCH 20, 1922.

Action for damages; from Richmond superior court — Judge Henry C. Hammond. June 6, 1921.

*H. W. Johnson,* for plaintiff in error.

*C. Henry & R. S. Cohen, H. J. Fullbright, E. V. Heath,* contra.