## 16082.   SEABOARD AIR-LINE RAILWAY COMPANY *v.* PARRIETT.

BROYLES, C. J.   1.   This was an action against the railway company for personal injuries.   The petition as amended set out a cause of action, and the court properly overruled the general demurrer interposed.

2. While there were material conflicts in the evidence, the jury were au-

thorized, under the pleadings and the evidence, to find as follows: The plaintiff, while walking within the corporate limits of the city of Athens, between the main-line track and a passing track of the defendant, along a smooth walk or path provided by the defendant (which walk was so frequently used by the public, with the knowledge and consent of the defendant, that it was the duty of the defendant to have anticipated her presence at that time and place), was struck and severely injured by a passenger-train of the defendant, which was running on the main track at a high and dangerous rate of speed, and in violation of a city ordinance which required it to come to a full stop within fifty feet of Pulaski street; that the plaintiff, while walking between the tracks as aforesaid and before she was struck, observed a freight-train approaching her, which was moving over the passing track and making a very loud noise, and that, to escape being struck by that train, she stepped away from it and towards the main track, and continued walking between the main track and the passing track until she was struck by the passenger-train, which approached her from her rear; that she was so engrossed in watching the moving freight-train and by the noise it made, and in keeping a safe distance from it, that she was not aware of the approach of the passenger-train until it struck her; *that the place where the injury occurred was not within the switch-yard proper of the defendant;* that the passenger-train was running at such a high rate of speed that the plaintiff, although the engineer of the train applied the emergency brakes as soon as her presence was discovered, was dragged by the train, after she was struck, a distance of 240 feet, and that this rate of speed, at the time and place of the injury, constituted negligence on the part of the defendant's employees who were operating the train; that at the time of her injury the plaintiff was in the exercise of ordinary care, and that the defendant's employees, operating the train, were guilty of a lack of such care. See, in this connection, *Tice* v. *Central of Georgia Ry. Co.,* 25 *Ga. App.* 347 (1 *f,* 2 *b-c-d*), and citations; *Pope* v. *Seaboard Air-Line Ry.,* 21 *Ga. App.* 251 (1), and citations; *Atlantic Coast Line R. Co.* v. *Adams,* 7 *Ga. App.* 146 (1), (2); *Crawford* v. *Southern Ry. Co.,* 106 *Ga.* 870, 877; *Southern Ry. Co.* v. *Chatman,* 124 *Ga.* 1026 (5); *Atlantic Coast Line R. Co.* v. *Burroughs,* 20 *Ga. App.* 197 (2); *Williams* v. *Southern Ry. Co.,* 11 *Ga. App.* 305 (1, 2, 3); *Seaboard Air-Line Ry. Co.* v. *Deal,* 20 *Ga. App.* 246 (1); *Western & Atlantic R. Co.* v. *Jarrett,* 22 *Ga. App.* 314 (4); *Binion* v. *Central of Ga. Ry. Co.,* 12 *Ga. App.* 663, and authorities cited; *Central of Ga. Ry. Co.* v. *Thompson,* 25 *Ga. App.* 715 (1); *Kendrick* v. *Seaboard Air-Line Ry.,* 121 *Ga.* 775, 777; *Western & Atlantic R. Co.* v. *Bailey,* 105 *Ga.* 100; *Southern Ry. Co.* v. *Brock,* 132 *Ga.* 858 (9); *Central Railroad* v. *Brinson,* 70 *Ga.* 207 (2); *Georgia Railroad* v. *Williams,* 74 *Ga.* 723 (1).

3. Under the immediately preceding ruling and all the facts of the case, the verdict in favor of the plaintiff was authorized by the law and the evidence, and the court did not err in overruling the motion for a new trial, which was based upon the usual general grounds only.

        *Judgment affirmed. Luke and Bloodworth, JJ., concur.*

    DECIDED MARCH 4, 1925. REHEARING DENIED APRIL 21, 1925.

Damages; from city court of ·Athens—Judge Bradwell. November 8, 1924.

Application for certiorari was denied by the Supreme Court.

*John B. Gamble, Erwin, Erwin & Nix,* for plaintiff in error.

*L. C. Rucker, J. W. Arnold, Joel & Elliott, Dorsey Davis,* contra.

### ON MOTION FOR REHEARING.

BROYLES, C. J. It is contended by the plaintiff in error, in an amendment to its motion for a rehearing, that this case is controlled by the recent rulings of the Supreme Court and of this court in *Atlantic Coast-Line R. Co.* v. *Fulford, post,* 631, which case (after certified questions therein had been answered by the Supreme Court) was decided by this court on April 11, 1925. 159 *Ga.* 812 (127 S. E. 274). While the cases are very similar, there is, as we view them, one vital distinction. In the *Fulford* case the only reason assigned in the petition why the decedent failed to observe the approach of the train which was approaching from his rear and which killed him was that he "was prevented from *hearing* [italics ours] its approach by the operation of a number of motor-vehicles and other locomotives in and around its yards, near the point where petitioner's husband was struck. The operation of the machinery of the water and light department of the City of Thomasville, located near the point where the injury occurred, also contributed to the general noise that rendered it impossible for petitioner's husband to know of the approach of said locomotive." And the Supreme Court held, in substance, that as the petition alleged merely that the decedent "was prevented from *hearing* [italics ours] the approaching train by noises of other locomotives, machinery, and the like, in the vicinity, [and] *no other reason* [italics ours] for his conduct being shown," the petition showed upon its face that he "was guilty of such negligence as to bar a recovery for his death on account of the negligence of the railway company." It will be observed that in that case there was no allegation that the decedent was so *engrossed in looking* at some other moving locomotive or other object that he was not aware of the train approaching from his rear until he was struck by it. In fact, the petition did not allege that any of the noise-making objects that prevented the decedent from hearing the train was in motion. As was said, in substance, by Chief Justice Bleckley in

*Smith* v. *Central Railroad Co.,* 82 *Ga.* 806, it was not alleged that the injured person's *attention was directed to other trains that were near, and thus withdrawn from the danger that threatened.* In the instant case the plaintiff alleged and proved not only that the noise of the passing freight-train prevented her from hearing the approaching passenger-train that injured her, but that she was *so engrossed in watching the moving freight-train, and in keeping a safe distance from it,* that she was unaware of the approach of the passenger-train until she was struck by it.

As was said by Mr. Justice Little in *Western & Atlantic R. Co.* v. *Bailey,* 105 *Ga.* 101, 102: "The presumption that a person apparently of full age and capacity, who is walking or standing on the track, will leave it in time to save himself from harm, will not avail when the person who is on the track appears to be intoxicated, asleep, *or otherwise off his guard,* etc. [italics ours]. Pierce on Railroads, 331, and authorities cited. A like doctrine is announced in the case of *Central Railroad* v. *Brinson,* 70 *Ga.* 207. The company is at liberty to act on this presumption, and to continue to act on it, until it discovers that the person is not likely to escape the peril, and then it is bound to exert itself to avoid the calamity. *Georgia Railroad* v. *Williams,* 74 *Ga.* 736."

The other cases cited in the original motion for a rehearing are distinguished from the instant case by their particular facts.

*Rehearing denied. Luke, J., concurs.*

BLOODWORTH, J., dissenting. I think that a rehearing should be granted.