266

BROYLES, C. J. 1. "The decedent being at the time of the homicide an adult possessed of normal mental and physical faculties, though he was prevented by noises in the vicinity from hearing the train which approached him from the rear, could and should have exercised the faculty of sight, by which he would have ascertained upon merely turning his head that the train was approaching. He knew that he was in a place of danger when walking longitudinally along the track, and knew that there were noises there which interfered with his hearing, and consequently the slightest degree of care upon his part would have required him to look in the direction from which the danger might come, and a failure to exercise this care was such gross neglect upon the part of the decedent as to bar a recovery for his death." *Atlantic Coast Line R. Co.* v. *Fulford*, 159 *Ga.* 812 (5) (127 S. E. 274), s. c. 33 *Ga. App.* 631 (127 S. E. 812). See also *Central Ry. Co.* v. *Tapley*, 145 *Ga.* 792 (5, 6) (89 S. E. 841); *Leverett* v. *L. & N. R. Co.*, 38 *Ga. App.* 155 (142 S. E. 905). The cases of *Southern Ry. Co.* v. *Brock*, 132 *Ga.* 858 (64 S. E. 1083), *Seaboard Air-Line Ry. Co.* v. *Parriett*, 33 *Ga. App.* 576 (127 S. E. 815), and the others cited by counsel for the plaintiff in error, are distinguished by their particular facts from the instant case and the cases cited in support of the present ruling. The ruling in the *Fulford* case, supra, is controlling in this case, as there is no essential distinction between the facts of the two cases. It is true that in the instant case an amendment to the petition alleged that the decedent "was very hard of hearing and was not a person of ordinary mental and physical capacity, in that he was dull and suffering from catarrh of the head and was very peculiar and eccentric, so much so that his companions and associates were constantly guying him, and called him 'Slim' and other nicknames and [were] constantly hollowing at him, and that this was additional reason why he did not and could not have heard the approaching train and engine from his rear." The allegations of this amendment should be construed in the light of the following allegations of the original petition: "Petitioner further shows that her said husband, at the time of said homicide by defendant, was an able-bodied man earning and capable of earning the sum of $20 per week as an employee of the Crown Cotton Mills; that he was thirty-two years of age and had a reasonable expectancy of 33.03 years."

2. Under the above-stated ruling and the allegations and facts set forth in the original petition and the amendment thereto (not the amendmen setting up a second count to the original petition), the original petition as thus amended, construed most strongly against the plaintiff, failed to set forth a cause of action, and the court did not err in dismissing it on general demurrer.

3. "All parties. . . may, at any stage of the cause, as matter of right, amend their pleadings in all respects, whether in matter of form or of substance, *provided there is enough in the pleadings to amend by.*" (Italics ours.) Civil Code (1910), § 5681. There is not enough in the pleadings to amend by, where the original petition affirmatively shows, as in the instant case, that the homicide sued for was caused

by the decedent's failure to exercise ordinary care for his own safety. See, in this connection, *Davis* v. *Muscogee Mfg. Co.*, 106 *Ga.* 126, 127 (32 S. E. 30); *Shepherd* v. *Southern Pine Co.*, 118 *Ga.* 292 (2) (45 S. E. 220); *Selma &c. R. Co.* v. *Lacey*, 49 *Ga.* 107 (2); *City of Macon* v. *Newberry*, 35 *Ga. App.* 252 (132 S. E. 917). The original petition in the instant case charged mere negligence on the part of the defendant railroad company, and failed to set out a cause of action. An amendment was offered as count 2 of the petition. This amendment charged the defendant with wilful and wanton negligence, and, under the above-stated ruling, was properly stricken.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED OCTOBER 7, 1929. REHEARING DENIED NOVEMBER 11, 1929.

*William E. Mann, W. Gordon Mann,* for plaintiff.
*Walton Whitwell, Mitchell & Mitchell,* for defendant.