25181. FOX *v.* POLLARD, receiver.

DECIDED FEBRUARY 8, 1936.

*Charles Robert Jones, Maddox & Griffin,* for plaintiff.
*Maddox, Matthews & Owens, Rosser & Shaw,* for defendant.

SUTTON, J., About 7 o'clock p. m., on August 16, 1933, the plaintiff was walking, with his head down and "in a confused state of mind," along a railroad-track of the defendant in the City of Rossville, toward a public crossing about 150 feet ahead; and while thus in plain view of the approaching train and its operators, the plaintiff was struck by the locomotive and injured. This was in a populous section of the city, and the people thereof had been and were in the habit of using the defendant's tracks at this point in going to and from their homes to the business part of the city, all

of which was without objection on the part of the defendant, and was well known to its agents and employees, including those operating the train that struck the plaintiff. The track was straight at this point for about half a mile; and the train was approaching the crossing down grade and making no noise, the engine not pulling. There was a large manufacturing plant along defendant's right of way at this point, and at the time its windows were open and the machinery running and making much noise; so that the plaintiff could not hear such approaching train unless its whistle was blown or bell rung. At the crossing ahead were bright lights, and the plaintiff was facing them, and this rendered it difficult for him to distinguish an object approaching in front of him. There was nothing to prevent him from being seen by those in charge of such train, had they maintained a vigilant and proper lookout ahead on approaching this public crossing. The plaintiff alleged that on account of the above facts he could not see or hear the train nor was his attention attracted thereto. The engineer did not blow his whistle or ring the bell of the locomotive on approaching the crossing, as required by law; and had he done so, the plaintiff alleges that his attention would have been attracted to the train, and he could and would have jumped and avoided being injured. He further alleges that had the servants in charge of the train maintained the proper lookout ahead, they could have seen him in such perilous position, and then could have stopped the train or rung the bell or blown the whistle. The petition was in two counts, one charging that the injuries were the result of the defendant's negligence in so operating the locomotive at the time and under the circumstances stated above, and that defendant was negligent per se in violating the law as to the operation of the train within the city limits in the manner alleged. In the second count the plaintiff charged that the servants of the defendant in charge of the train "wilfully and wantonly ran the said train into and against him," by reason of the facts above alleged; and that "there was nothing to prevent the engineer from seeing petitioner, and the engineer did see petitioner upon the tracks of defendant, with his head down and in a place of peril, and that after so seeing petitioner that said engineer did not sound his whistle, ring the bell, or do any other act or thing to attract the attention of petitioner and warn him of the danger of the approaching train; . . that after

so seeing petitioner, had said engineer given any signal or warning of the approaching danger, petitioner could and would have jumped from said track and not been struck by said train; and that said engineer failed to exercise care to prevent injuring petitioner, whose peril was seen and known to him; . . that said acts of negligence of said engineer were wilful and wanton, rendering defendant liable in damages therefor." The defendant demurred to both counts of the petition, generally and specially. The judge sustained the demurrers and dismissed the action; and the plaintiff excepted. Counsel for the plaintiff state in their brief, that "Under the decisions of our courts the plaintiff was a trespasser; and since only simple negligence is alleged in the first count, it would seem that the demurrer to that count was properly sustained." So it seems that counsel for plaintiff concede that the court properly sustained the demurrer to count one of the petition; and this feature of the case will be treated as abandoned.

1. It is conceded that the plaintiff was a trespasser upon the railroad-tracks of the defendant at the time he was struck by its train and injured. "Ordinarily the only duty owing by a railway company to a trespasser upon or about its property is not wantonly or wilfully to injury him after his presence has been discovered." *Central of Ga. Ry. Co.* v. *Stamps*, 48 *Ga. App.* 309 (3) (172 S. E. 806), and cit. If the servants of the defendant were guilty of wilful and wanton negligence which resulted in plaintiff's injury, then the plaintiff's negligence, however gross, will not defeat a recovery for such injury. *Lowe* v. *Payne*, 156 *Ga.* 312 (118 S. E. 924); *Pressley* v. *A. & W. P. R. Co.*, 48 *Ga. App.* 382 (172 S. E. 731).

2. "After the presence of a trespasser upon the track of the defendant in front of its approaching train is discovered, it becomes the duty of the agents in charge of the train to give him some warning of his dangerous position." Even though such trespasser may not be deficient in any of his faculties, and while the agents in charge of the train have the right to conclude and act on the conclusion that such person will leave the track in time to save himself from injury, in that they are then under no duty to check the speed of the train, yet as a matter of ordinary prudence and care, it is their duty to sound the whistle or ring the bell, as a warning of the approaching danger. *Humphries* v. *Southern Ry. Co.*, 51 *Ga. App.* 585, 589 (181 S. E. 135).

3. Where the engineer of the defendant saw that a person walking along the tracks in front of the approaching train did not see or hear the same, which was not making any noise, and that such person was "off his guard," the presumption that "a person apparently of full age and capacity, who is walking or standing on the track, will leave it in time to save himself from harm, will not avail" the defendant. See *W. & A. R. Co.* v. *Bailey,* 105 *Ga.* 100 (31 S. E. 547) ; *Central Railroad* v. *Brinson,* 70 *Ga.* 207 (4 *c*) ; *Georgia Railroad* v. *Williams,* 74 *Ga.* 723, 736.

4. So where it appears from the allegations of the petition that the plaintiff was walking along the tracks of the defendant, that the engineer in charge of its approaching train actually saw him on the tracks, walking with his head down towards the engine and train, in time to have rung the bell or blown the whistle and thereby attracted plaintiff's attention to the approaching danger, and where it is charged that such conduct on the part of the engineer was wilful and wanton, and that by reason thereof the plaintiff was injured, under the facts alleged in the petition it was a question for the jury whether plaintiff made a case entitling him to recover of the defendant for his injuries. *Central R. Co.* v. *Denson,* 84 *Ga.* 774 (11 S. E. 1039). *Humphries* v. *Southern Ry. Co., Pressley* v. *A. & W. P. R. Co.,* and *Lowe* v. *Payne,* supra.

5. It follows that the judge erred in dismissing plaintiff's action, the second count of the petition setting up a case for submission to the jury on wilful and wanton negligence. The petition was not subject to any of the grounds of special demurrer.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*