### 25436. POWELL, receiver, *et al. v.* DUPREE.

STEPHENS, J. 1. Where, in the petition in a suit against a railroad company to recover damages for a homicide alleged to have been caused by the negligent operation of the defendant's train, it appears that the deceased, who was run over and killed by a train of the railroad company, was not at a railroad crossing or within fifty feet of the crossing and that he was not an invitee upon the premises of the defendant, it appears from the petition, construing it most strongly against the plaintiff, as must be done in passing upon a demurrer thereto, that the deceased at the time of the injury was a trespasser on the tracks of the railroad company.

2. Since a railroad company is not liable for injuries caused by the operation of its train to a trespasser upon its track until his presence is known, or by the exercise of ordinary care by those in charge of the operation of the train his presence should be known, it follows that where it appears from the petition in a suit against a railroad company, in which the plaintiff sues to recover for the homicide of her son, that the deceased was a trespasser upon the track of the defendant railroad company, that his presence on the railroad-track was not known to the agents and servants of the railroad company engaged in the operation of the train, and it does not appear that those in the operation of the train were under any duty at the time to anticipate the presence of the deceased upon the railroad track by reason of any custom, known to those in operation of the train, of people going upon the track of the company at the time and place of the injury, or that those in the operation of the train were otherwise negligent in not knowing of the presence of the deceased upon the track at the time and place, there appeared no duty owing by the defendant to the deceased at the time, and no negligence by the railroad company in the operation of its train at the time and place at an excessive rate of speed, or without blowing a whistle or giving a warning. The petition fails to set out a cause of action, and the judge erred in not sustaining the general demurrer. *Western & Atlantic Railroad Co.* v. *Bailey,* 105 *Ga.* 100 (31 S. E. 547); *Hambright* v. *Western & Atlantic Railroad Co.,* 112 *Ga.* 36 (2) (37 S. E.

462

99); *Atlantic Coast Line R. Co.* v. *Fulford,* 159 *Ga.* 812 (127 S. E. 274);
*Southern Railway Co.* v. *Campbell,* 9 *Ga. App.* 530 (71 S. E. 934); *Atlantic Coast Line R. Co.* v. *Fulford,* 33 *Ga. App.*. 631 (127 S. E. 274);
*Hammontree* v. *Southern Railway Co.,* 45 *Ga. App.* 728 (165 S. E. 913).
*Judgment reversed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED JUNE 9, 1936.

*P. M. Anderson,* for plaintiff in error. *S. T. Brewton,* contra.