31472. REDDING *v.* CALLAWAY, trustee.

DECIDED MARCH 8, 1947.

858

*R. S. Wimberly, Theo J. McGee,* for plaintiff.

*R. M. Arnold,* for defendant.

GARDNER, J. █ It will be noted that the deceased was walking northwesterly on a footpath longitudinally with an outside track of three parallel railroad tracks. It was in the daytime. He was not on a crossing nor within 50 feet of one. There was approaching him from the rear, a passenger train of the defendant which was on the track immediately parallel to the path on which the deceased was walking. Going in the opposite direction from the deceased and the passenger train, on one of the parallel tracks (the petition does not say on which track) a freight train was being operated. The petition does not say how far distant in front of the deceased the freight train was. The petition does allege that the deceased was giving his entire attention to the approaching freight train with a view of walking at a safe distance from it as he would meet and pass it. While thus engaged it is alleged that the passenger train approached from the rear, struck the deceased and killed him wilfully and wantonly. It is conceded that the deceased was at the time a trespasser. Under the decisions of our court, it would appear that before one who is a trespasser can

allege and recover for the wilful and wanton infliction of injury by the employees of a railroad company in charge of the operating of its trains, it must appear (1) that the employees actually saw the trespasser; (2) they must actually see him in time to prevent injury or death to him by the exercise of ordinary care; (3) that when seen by them the trespasser is in a dangerous position and the perilousness of that position must be discovered and known to the employees operating the train; (4) it must be apparent to such employees that the trespasser is in some way incapacitated or is in some way unable to extricate himself from such dangerous position. The Supreme Court said in the case of *Western & Atlantic R. Co.* v. *Bailey,* 105 *Ga.* 100, 101 (31 S. E. 547) : "It may be also stated as a general rule, that the company owes no duty to a trespasser upon its track, except to do him no wilful or wanton injury. A trespasser is a wrong-doer, and it is a general principle of jurisprudence that the courts will not aid a wrong-doer. The fact that the trespasser is a wrong-doer does not, however, justify malicious, wanton, or wilful maltreatment of him; and the failure to use reasonable care to avoid injury to him, after the discovery of his danger, may sometimes be sufficient evidence of wantonness or wilfulness. But neither negligence nor wilfulness can ordinarily be shown in this way, where an adult or person apparently able to take care of himself is upon the track, because the railroad employees have a right to assume, in the absence of anything to the contrary, that he will get off the track or take such other precautions as may be available to avoid injury to himself. 3 Elliott on Railroads, § 1253, and authorities cited. If, after discovering the danger to the trespasser and his inability to escape, the company fails to exercise reasonable care, it will be liable, if the exercise of such care would have prevented the injury; and although there is a clear distinction between negligence and wilfulness, yet a reckless and wanton disregard of consequences, evincing a willingness to inflict injury, may amount to wilfulness, although there is no direct proof of actual intention to inflict the injury complained of. 3 Elliott on Railroads, § 1257, and authorities cited; *Central Railroad & Banking Company* v. *Denson,* 84 *Ga.* 782."

"Even where a person on the track is in fact discovered, it is the general rule that a railway company is authorized to act on the presumption that a person apparently of full age and capacity,

standing or walking along or near its track, will leave it in time to save himself, unless it should also appear that such trespasser is in an apparently incapacitated or helpless condition, so that he could not reasonably be expected to extricate himself from his peril." *Hammontree* v. *Southern Railway Co.*, 45 *Ga. App.* 728 (165 S. E. 913). See also *Lowe* v. *Payne,* 156 *Ga.* 312 (118 S. E. 924). In view of the allegations of count 1 of the petition which we have set forth, and the law applicable thereto, such allegations fail to meet the tests that the defendants are liable for the wilful and wanton death of the deceased. There is no allegation that the employees of the train actually saw the deceased or that if they saw him it was in time to prevent injuring or killing him by the exercise of ordinary care, or that he was in a dangerous and perilous position which was known to the employees or that if they did see him that the deceased was incapacitated or for any other reason unable to extricate himself. The fact that a freight train which was approaching him from the front was going in the opposite direction from the deceased on a different track on which the passenger train which struck him was traveling does not cure the defects of the petition. Particularly is this true when the petition shows that the deceased was a man 25 years old and laboring under no disabilities whatsoever. Counsel for the plaintiff cite many cases to sustain their contention that the allegations of the petition are sufficient to make a jury question as to whether defendant was guilty of gross negligence amounting to wanton or wilful misconduct. We do not deem it necessary to go into a detailed discussion in distinguishing the facts involved in these cases from the allegations of fact in the petition in the instant case. We have, as heretofore stated, set forth the material allegations of fact in the instant case and we will call attention to the cases relied upon by the plaintiff in order that anyone who desires to do so may read the cases cited by the plaintiff so that the material distinctions may be noted in view of the facts in the cases cited and the allegations of fact in the instant case. The cases are: *Southern Railway Co.* v. *Slaton,* 41 *Ga. App.* 759 (154 S. E. 718) ; *Atlantic Coast Line R. Co.* v. *Heath,* 57 *Ga. App.* 763 (196 S. E. 125) ; *Seaboard Air-Line Ry. Co.* v. *Parriett,* 33 *Ga. App.* 576 (127 S. E. 815) ; *Tice* v. *Central of Georgia Railway Co.,* 25 *Ga. App.* 346 (103 S. E. 262) ; *Western & Atlantic Railroad* v. *Meigs,* 74 *Ga.*

857; *Lowe* v. *Payne,* supra; *Fox* v. *Pollard,* 52 *Ga. App.* 545 (183 S. E. 854); *Fairburn & Atlanta Railway &c. Co.* v. *Latham,* 26 *Ga. App.* 698 (107 S. E. 88); *Central Railroad & Banking Co.* v. *Newman,* 94 *Ga.* 560 (21 S. E. 219); *Central of Georgia Railway Co.* v. *Moore,* 5 *Ga. App.* 562 (63 S. E. 642); *Southern Railway Co.* v. *Wiley,* 9 *Ga. App.* 249 (71 S. E. 11); *Charleston & Western Carolina Ry. Co.* v. *Johnson,* 1 *Ga. App.* 442 (57 S. E. 1064).

The allegations of count 1 of the petition are not sufficient to sustain a wilful intention on the part of the defendants to take the life of the deceased nor does count 1 allege actions of recklessness or indifference to consequences so as to authorize a finding of an active intent on the part of the defendant to kill the deceased. The court did not err in sustaining the demurrer to count 1 of the petition for any of the reasons assigned.

■ The second count of the petition is based on the failure of the defendant company to exercise ordinary care. This count is based on the proposition that even though deceased was a trespasser, that he was walking in a path by the side of the track in the City of Columbus, generally used by pedestrians, without any objection on the part of the defendant. This being true, it was the duty of the railroad company to anticipate that the deceased, or someone else, would be using the pathway. It is contended that the defendant company failed to exercise ordinary care to discover the perilous position of the deceased; that by the exercise of ordinary care the employees of the defendant company in charge of the train could have and should have discovered the dangerous position of the deceased, since the tracks on which the train which struck the deceased was then being operated were straight for a mile and that by the exercise of ordinary care after they saw the deceased, they could have prevented his death. Under such a situation as depicted under the allegations of count 2, even though it is conceded that the employees of the defendant company were negligent, as alleged, yet if the deceased could have, by the exercise of ordinary care, avoided the result of the negligence of the defendant, he can not recover. It will be noted, as we have herein before pointed out, and as is shown by the allegations of the petition, that the deceased was 25 years of age, with no mental or physical derangements. The law would obligate the deceased to use his senses with ordinary care for his own safety. While under the alle-

gations of the petition it was the duty of the defendant railroad company to anticipate the presence of the deceased as he walked beside the track, it was likewise the duty of the deceased to anticipate that a train was likely to approach him from the rear. He had the same opportunity of looking down the straight track by turning his head and seeing the approaching train which caused his death as the employees of the defendant railroad company had of seeing him. The employees of the train had a right to anticipate that he would step aside. This is true since the allegations of the petition do not show any fact which would indicate to the employees in charge of the train that the deceased was in a perilous position or that he was engaged in protecting himself from a freight train on another parallel track with a train going in the opposite direction. Neither does the allegation in the petition to the effect that the noise, of the freight train going in the opposite direction drowned the noise of the passenger train which struck the deceased save the petition from being fatally defective. This is true for the further reason that under the allegations of the petition the deceased was bound to anticipate that as he walked beside the track there would be other trains going in the opposite direction making noises. It would thus appear insofar as this count is concerned and the petition as a whole for that matter, that the deceased could have by the exercise of ordinary care, saved himself from injury or death. This case, under its facts, is controlled by the decision in the case of *Atlantic Coast Line Railroad* v. *Fulford,* 33 *Ga. App.* 631 (127 S. E. 812), which was certified by this court to the Supreme Court (159 *Ga.* 812). In that case the court said:

"Considering the allegations of the petition and the inferences necessarily deducible therefrom, it appears that the decedent, when struck by the train, was walking in front of it and in the same direction, along a path running parallel with the railroad-track and 'located so near the iron rails . . over which the defendant company's locomotive and train moved as to make it impossible for a locomotive and train to pass along said iron rails without striking' him, and 'had reached a point within 40 feet of' a public street-crossing; that he was an adult of normal physical and mental faculties, that he did not look to see if a train was approaching (there being no allegation that he did look), and was prevented

from hearing the approaching train by noises of other locomotives, machinery, and the like, in the vicinity. No other reason for his conduct is shown. Held: It affirmatively appears that the decedent was guilty of such negligence as to bar a recovery for his death on account of the negligence of the railway company. This question in the case was certified to the Supreme Court, and in the answer thereto it was held: 'The decedent being at the time of the homicide an adult possessed of normal mental and physical faculties, though he was prevented by noises in the vicinity from hearing the train which approached him from the rear, could and should have exercised the faculty of sight, by which he would have ascertained upon merely turning his head that the train was approaching. He knew that he was in a place of danger when walking longitudinally along the track, and knew that there were noises there which interfered with his hearing, and consequently the slightest degree of care upon his part would have required him to look in the direction from which the danger might come, and a failure to exercise this care was such gross neglect upon the part of the decedent as to bar a recovery for his death.' . . It follows that the petition failed to set forth a cause of action, and that the general demurrer thereto was improperly overruled. The subsequent proceedings were nugatory."

As applicable to this count, see *Kennemer* v. *W. & A. R. Co.*, 42 *Ga. App.* 266 (155 S. E. 771); *Atlanta & West Point Railroad Co.* v. *Pressley*, 44 *Ga. App.* 142 (160 S. E. 663); *Roach* v. *Atlanta, Knoxville & Northern Ry. Co.*, 119 *Ga.* 98 (45 S. E. 963); *Leverett* v. *Louisville & Nashville R. Co.*, 3ⁿ *Ga. App.* 155 (142 S. E. 905).

Counsel for the plaintiff cite a number of cases to the effect that it was the duty of the employees of the defendant to look out for pedestrians and to use ordinary care both to discover their peril and to prevent injuring them when their presence was discovered. This principle of law is not controverted and we will not here cite such cases. The plaintiff cites a number of other cases to sustain his position that the judgment of the lower court should be reversed. We will not attempt here to distinguish them from the facts of the instant case, but will cite them, since we think the facts of this case are controlled by the facts of the cases hereinbefore cited as a basis for our opinion. The authorities cited by

the plaintiff's attorney are: *Crawford* v. *Southern Ry. Co.,* 106 *Ga.* 872 (33 S. E. 826) ; *Shaw* v. *Georgia Railroad,* 127 *Ga.* 8 (55 S. E. 960) ; *Pope* v. *S. A. L. Ry. Co.,* 21 *Ga. App.* 251 (94 S. E 311) ; *Western & Atlantic Railroad* v. *Meigs,* supra; *Lowe* v. *Payne,* supra; *Central Railroad & Banking Co.* v. *Denson,* 84 *Ga.* 774 (11 S. E. 1039) ; *Lovett* v. *Sandersville Railway Co.,* 72 *Ga. App.* 693 (34 S. E. 2d, 664) ; Hopkins on Personal Injuries, 87, 88. We realize that generally questions of comparative negligence and whether by the exercise of ordinary care the injured or deceased could have avoided the consequences of the defendant's negligence are peculiarly jury questions, as pointed out by counsel for the plaintiff and as sustained by cases cited, but we do not think there is a jury question under the allegations of the petition in the instant case.

■ The petition in the instant case was brought by the mother of the deceased. The petition does not allege that the deceased left no wife or child surviving him. The plaintiff asked leave of this court to amend the petition in this respect. If the petition had set out a meritorious cause of action, we would be inclined to grant this motion as was done in a similar situation in the case of *Helton* v. *Western & Atlantic Railroad,* 67 *Ga. App.* 23 (19 S. E 2d, 312), and other cases to the same effect.

The trial court did not err in sustaining the demurrers.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*